McKiNNEv, J.,
delivered the opinion of the court.
This was an action of assumpsit brought by the plaintiff against the defendants, on the 6th of January, 1849, in the circuit court of De Kalb.
*3 On tbe trial, at tbe April term 1851, verdict and judgment were rendered for uthe defendants; and a new trial having been refused, tbe plaintiff tendered a bill -of exceptions, wbicb was signed; and an appeal in error was regularly prayed, and granted to tbis court.
Tbe plaintiff failed to prosecute bis appeal, baying taken no steps in tbe. cause after tbe execution of tbe appeal bond, and tbe grant of tbe appeal.
Tbe defendants baye brought up, and filed a transcript of tbe record, at tbe present term of this court, and moved for an affirmance of tbe judgment.
On tbe argument of tbis motion, tbe plaintiff appeared by bis counsel, and resisted tbe motion: insisting that the judgment was erroneous, and ought to be reversed.
We think the motion must be allowed. It is trae, tbe effect of an appeal in error, given by our law, is different from that of a simple appeal. The latter operates, not only as an immediate transfer of the cause to tbe appellate court, so as to put an end to all further control of tbe inferior court, but it likewise operates to anmil tbe judgment of tbe inferior court, wbicb, in legal contemplation, ceases to exist after tbe grant of tbe appeal. But tbe appeal in error merely suspends tbe judgment of tbe inferior court, and does not annul or destroy it — hence, if tbe appeal in error be dismissed, or abated, tbe judgment below remains in full force. Bee Thompson vs. Kercheval, 10 Humph., 322. But tbe mere neglect to prosecute, does not, like a dismission, or abatement of tbe appeal in error, remove tbe suspension of tbe judgment in tbe inferior court, and leave that court at liberty to proceed to carry into ef- *4 feet its judgment, as if tbe appeal in error bad not been granted. In case of failure to prosecute, tbe judgment of tbe inferior court remains suspended, and cannot be executed by that cotu’t, until action shall have been taken to remove tbe suspension.
Tbe method adopted in the present case, is sanctioned by precedent, and we think tbe practice proper.
Tbe length of time that' has elapsed since tbe grant of tbe appeal in- error in this case, furnishes no ground for refusing the- motion: the appellant, who has refused to prosecute his appeal, cannot be heard! to urge this objection. If the appellant had not voluntarily appeared in this court, a question would have arisen as to the necessity of notice.
A party may omit to prosecute his appeal, because of an adjustment of the matter in litigation, after the gi’ant of the appéal, and before the term of the supreme court to which it is taken, or for other sufficient cause. And therefore, if the record be brought up by the ap-pellee, and an affirmance of the judgment moved for, at any time, after the term of the supreme court to which the record ought to have been certified, notice of his intention to do so, ought to be given to the appellant or his attorney.
The question, whether the appellant has any right on the motion of the appellee for an affirmance — to assign errors, need not be discussed in the present case, as no objection was made to his doing so; nor was it important that objection should have been made, as it is clear there is no error in the record'.
The motion is allowed, and judgment affirmed!