WILLIAM H. THORNHILL V. ALFRED E. HARGREAVES ET AL.

FILED MAY 3, 1906.   NO. 14,313.

1. **Appearance.** The word "appear," when used to designate a step taken in litigation by a defendant, means the act or proceeding by which he places himself before the court and submits to its jurisdiction. It does not necessarily imply the actual physicial presence either of the party or his attorney before the court.

2. ——: CONFESSION OF JUDGMENT. Plaintiffs filed a petition against the defendants in the county court (a term case) stating a cause of action on a past due note. A paper signed by the defendants, duly entitled and filed in the cause, contained a waiver of service of process and a confession of the debt, and authorized the court to enter judgment against them thereon. Neither of the defendants nor any attorney acting for them were ever actually in the presence of the court in the cause. *Held*, That such paper, when filed, constituted a personal appearance on the part of the defendants within the meaning of section 433 of the code authorizing judgments by confession, and that the defendants thereby submitted themselves to the jurisdiction of the court.

3. **Appeal:** DISMISSAL. Where the plaintiff in a civil action appeals from the judgment of the county court to the district court, he has the same right to dismiss his action without prejudice as though it had originated in the district court.

4. **Judgment:** RES JUDICATA. In such case the dismissal does not

operate as an affirmance of the judgment of the inferior court, and such judgment is not available in bar of a future action on the same demand.

5. ————: REVIVOR. Where an order of revivor by apt language shows a revivor of the judgment, the fact that it does not expressly award execution does not invalidate it.

ERROR to the district court for Hitchcock county: ROBERT C. ORR, JUDGE. *Affirmed.*

*W. F. Button, F. I. Foss* and *C. W. Shurtleff,* for plaintiff in error.

*W. S. Morlan, contra.*

ALBERT, C.

In the several proceedings in the lower court hereinafter mentioned, Alfred E. and Walter B. Hargreaves were plaintiffs, and William H. Thornhill and Winniford G. Hills were defendants, and for convenience we shall thus designate them here as we may have occasion to refer to them from time to time. On the 16th day of April, 1894, the plaintiffs filed a petition in the county court of Hitchcock county, asking judgment against the defendants on a certain promissory note, then past due, for $802.09, with 10 per cent. interest thereon from the 7th day of July, 1893. On the same day a writing signed by both of the defendants was filed in the cause. It is as follows: "In the County Court of Hitchcock County, Nebraska. Alfred E. Hargreaves and Walter B. Hargreaves, trading as Hargreaves Bros., Plaintiffs, v. William H. Thornhill and Winniford G. Hills, trading as Thornhill & Co., Defendants. Confession of Judgment. Come now the above named defendants and enter their voluntary appearance in the above entitled cause. The issuance and service of summons is expressly waived, and said defendants confess that they are indebted to the plaintiffs in the sum of $802.09 on a certain promissory note made by said defendants and in favor of the plaintiffs. Defendants are justly

indebted to the plaintiffs in said sum, with interest thereon at the rate of 10 per cent. per annum from the 7th day of July, 1893. The defendants further authorize and empower the said court to render a judgment against them and in favor of the plaintiffs for said sum of $802.09, and the interest thereon and the costs of suit. The intention being to authorize the court to act as fully in the matter as if summons had been issued and served upon them. In witness whereof said defendants have hereunto set their hands to this confession of judgment of their own free will and accord. W. H. Thornhill, W. G. Hills. In presence of W. Q. Bell, as to Thornhill, D. L. Grum witness to W. G. Hills."

Afterwards, on the same day, the county court entered the following judgment: "And now on the 16th day of April, A. D. 1894, it appearing to the court that the plaintiffs had filed their petition in this cause, and the defendants by their confession of judgment, having waived process and entered their appearance in this cause, and with the consent of the plaintiffs, confess they are indebted to them upon said promissory note in the sum of $802.09, and ask to have judgment rendered against them therefor, as per confession recorded herein. It is therefore considered by me that the said plaintiffs, Hargreaves Bros., recover from said defendants the sum of $863.94 the debt so as aforesaid confessed, with interest at 10 per cent. per annum from this date, and also their costs herein expended, taxed at $1.80." No execution was ever issued on this judgment, and the 3d day of May, 1904, the plaintiffs made an application to have it revived. A conditional order was made, and service thereof had on the defendant Thornhill. He entered an appearance, and resisted the application on substantially the same grounds as those upon which he resisted a second application, and which will be stated hereafter. The county court found that the judgment was void on the ground urged by the defendant Thornhill and denied a revivor thereof. Thereupon the plaintiffs appealed to the district court, but before trial

filed a motion to dismiss their application for revivor, without prejudice to a future application in that behalf. The motion was sustained, and the application dismissed without prejudice.

Afterwards, on the 29th day of December, 1904, the plaintiffs again applied to the county court for a revivor of the judgment. A conditional order of revivor was made, and served upon the defendant Thornhill; the return of the sheriff showing that the defendant Hills could not be found in the county. The defendant Thornhill answered, resisting a revivor of the judgment on the following grounds: (1) That the judgment was void for the reason that it was rendered without jurisdiction over either of the defendants, in that there had been neither issuance nor service of process upon either of the defendants in the action in which the judgment was rendered, nor had they or either of them personally appeared in said action, nor was the confession made by an attorney, acting in their behalf, upon a warrant of attorney filed as required by law; (2) that the judgment was upon a joint note, and his codefendant Hills was a nonresident of the state, and no service of the conditional order was made upon him either personally or by publication; (3) that the application was barred by the judgment of the county court denying the former application to revive; (4) that the application was barred by the statute of limitations, in that more than five years had elapsed since its rendition, and no execution had ever issued thereon, nor had any part thereof been paid. A trial was had and the matters of record hereinbefore referred to were shown in evidence. In addition to such evidence the defendant Thornhill was sworn and examined as a witness in his own behalf. He testified that he was not present in the county court of Hitchcock county on the 16th day of April, 1894, when the judgment was rendered, and that he never appeared in said action and confessed the judgment in question. He admitted, however, that he signed the written confession of judgment hereinbefore set out at length. The district court found in favor of the

plaintiffs, and entered the following judgment: "It is therefore considered, ordered and adjudged that the said judgment be, and the same stand, revived for the sum of $863.74, with interest at 10 per cent. from the 16th day of April, 1894, and costs of this proceeding taxed at $——." From the foregoing judgment, defendant Thornhill prosecutes error to this court.

It is now contended that the county court was without jurisdiction to render the original judgment by confession, because the defendants neither appeared personally, nor by attorney acting under a proper warrant of attorney to confess the judgment. It is conceded that the confession filed in the cause, and upon which the judgment is based, was signed by the defendants, but it is insisted that the statute authorizing the taking of a judgment by confession and without service of process requires either the actual physical appearance of the debtor himself, or of an attorney acting under due warrant of attorney to confess the judgment. The provisions of the code relied on are as follows:

Section 433. "Any person indebted or against whom a cause of action exists may personally appear, in a court of competent jurisdiction, and, with the assent of the creditor or person having such cause of action, confess judgment therefor, whereupon judgment shall be entered accordingly."

Section 436. "Every attorney who shall confess judgment in any case shall, at the time of making such confession, produce the warrant of attorney for making the same to the court before which he makes the confession, and the original, or a copy of the warrant, shall be filed with the clerk of the court in which the judgment shall be entered."

The proceedings in this case are not necessarily limited by section 433. This was not a confession of judgment without pleadings and process. The action was regularly begun by the filing of a petition. The paper filed by the defendants was properly treated as an affirmance and admission of the allegations of the petition. In such

case it is not essential that the defendant be physically present before the court. 11 Ency. Pl. & Pr. 973, par. IX and note. *Rosebrough v. Ansley,* 35 Ohio St. 107. The act or proceeding by which a defendant places himself before the court and submits to its jurisdiction does not necessarily involve the actual, physical presence either of the party or his attorney before the court. It is well known that the filing of a motion, demurrer or other pleading constitutes an appearance although the party may never have been actually in the presence of the court. In *Salina Nat. Bank v. Prescott,* 60 Kan. 490, 57 Pac. 121, a paper signed by a defendant and properly entitled and filed in a cause, wherein he waived the service of process and recited that he entered an appearance, was held to constitute an appearance on the part of such defendant. In this case the plaintiffs filed their petition against the defendants. It will be conceded that if, instead of filing the paper acknowledging the debt and authorizing the court to enter a judgment against them for the amount thereof, the defendants had answered, denying any liability to the plaintiffs and objecting to judgment against them on such debt, they would have thereby submitted themselves to the jurisdiction of the court, and a judgment against them would not have been void for want of jurisdiction. Common sense rebels at the suggestion that a denial of liability is more effective for jurisdictional purposes than a confession.

Counsel rely with much confidence on *Howell v. Gilt Edge Mfg. Co.,* 32 Neb. 627, but that is not a parallel case. There the debtor was a corporation. As a corporation of necessity must always act through its agents, it is incapable of appearing personally, hence, a compliance with section 433 in that respect was impossible. The only way left for it to appear was by attorney. But section 436 provides that, when the confession is by attorney, he shall produce his warrant of attorney, and that the same or a copy thereof shall be filed in the case. In that case no warrant of attorney was produced or filed, and the judg-

ment was rendered without service of process and upon the
bare confession of one claiming to act as "general man-
ager" for the corporation. This court held that the record
failed to show jurisdiction and that the judgment was void.
That case is governed by section 436, and is clearly distin-
guishable from the present which shows a compliance
with section 433.

It is contended, further, that the application for revivor
is *res judicata.* The argument in support of this conten-
tion is based on the proposition that, judgment having
gone against the plaintiffs in their first application in the
county court, and the plaintiffs after an appeal to the
district court having dismissed such application, the
judgment of the county court on the first application is
in full force and effect, and constitutes a bar to the
present application to revive the judgment. In this argu-
ment counsel do not appear to distinguish between the
dismissal of an appeal and the dismissal of a cause of
action pending on appeal, because many of the cases cited
deal only with the effect of the former. Section 26, ch. 20,
Comp. St., provides that in civil actions brought in the
county court either party may appeal from the judgment of
the county court, or prosecute a petition in error, in the
same manner as provided by law in cases tried and deter-
mined by justices of the peace. Section 1010 of the code
provides that in case of appeal to the district court the
parties shall proceed in all respects in the same manner
as though the action had been originally instituted in said
court. Section 430 provides that an action may be dis-
missed without prejudice to a future action by the plaintiff
before the final submission of the cause to the jury, or to
the court, where the trial is by the court.

But counsel contend that the dismissal of the first ap-
plication in the district court was after its final sub-
mission to the county court, and, consequently, that the
statutory provision quoted does not apply. This court
held otherwise, in *Home Fire Ins. Co. v. Deets,* 54 Neb. 620,
but counsel contend that the case should be overruled.

No authorities have been presented supporting that contention, nor have we been able to find any.  The argument in support of it is far from convincing, because it proves too much.  Carried to its logical conclusion it would show that a plaintiff could not dismiss without prejudice after a disagreement of a jury or the granting of a new trial.  But this court has held that the right to dismiss his cause may be exercised by a plaintiff after reversal and remand for a new trial.  *Adams v. Osgood,* 55 Neb. 766.  See, also, *Currie v. Southern P. Co.,* 23 Or. 400, 31 Pac. 963; 14 Cyc. 406.  The right to dismiss without prejudice is coexistent with the right to submit the cause on the merits, and, as the latter right unquestionably existed in this case, the plaintiff could exercise the former as an alternative. We are satisfied with the rule announced in *Home Fire Ins. Co. v. Deets, supra,* and know of no good reason why it should be overruled.

Another contention of the defendant is that the county court of Hitchcock county had nothing before it, in the way of an affidavit or other evidence, to show that the judgment sought to be revived was unpaid, but we do not know whether it had or not.  The certificate of the clerk does not purport to set out the complete transcript of the proceedings had in the county court.  Consequently, the effect of the omission to file such affidavit in the county court, if there was such an omission, is not presented by the record.  We might add, however, that such affidavit is not commonly regarded as jurisdictional.

It is further contended that the judgment having been rendered on a joint liability, and being joint in form, the judgment of revivor, which was rendered on service had upon one of the defendants, is therefore erroneous. The action proceeded in form against both of the defendants.  The conditional order was served upon one of them, and the return of the officer shows that the other could not be found in the county.  The defendant who was served answered, alleging the nonresidence of his codefendant in the state.  The rules of procedure in original actions, so far as

applicable, govern proceedings to revive. In an original suit on a joint obligation the action must proceed in form against all of the joint obligors. But section 84 of the code provides that, if the action be against defendants jointly indebted upon contract, the plaintiff may proceed against the defendant served, unless the court otherwise direct. In *Fox v. Abbott,* 12 Neb. 328, the foregoing provision was held applicable to proceedings to revive a joint judgment.

The judgment of the district court is next assailed on the ground that it does not provide for the issuance of an execution on the judgment. In support of this contention many cases are cited, none of which, to our minds, appear to be in point. The proceeding is aptly called a proceeding to revive a judgment. As applied to a dormant judgment the word "revive" means to restore or bring the judgment to life. As the judgment stood originally it carried with it, as one of its incidents, the right to have it enforced by the process of the court. The order of revivor, hereinbefore set out at length, restores it to life with all its original qualities, and it is now enforceable in precisely the same way it was enforceable before it became dormant— by execution. Even were we to concede that the court should have expressly awarded execution, we are not quite clear as to how the defendant is in any way prejudiced by the omission. But we do not concede that. In our opinion, it is no more necessary to expressly award execution in an order of revivor than in the original judgment. Other questions are discussed, but we think they are disposed of by what has already been said.

It is recommended that the judgment of the district court be affirmed.

JACKSON, C., concurs.

DUFFIE, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.