TAYLOR *v.* OTTINGER *et ux.*

(*Knoxville,* September Term, 1951.)

Opinion filed June 7, 1952.

HUGH C. SIMPSON, of Knoxville, for appellant.

JOSEPH A. McAFEE, and EGERTON, McAFEE, ARMISTEAD & DAVIS, all of Knoxville, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The sole question presented on this appeal involves the right of the appellant to dismiss her appeal from the Juvenile Court of Knox County to the Circuit Court of said county, where it was pending for trial *de novo*. The trial judge refused appellant the right to dismiss her appeal "without prejudice" and his action in so ruling is made an assignment of error in this Court. The proceedings in the Juvenile and Domestic Relations Court of Knox County, Tennessee, involved the custody of the infant child "Baby Boy Smith". The parents of the child were living apart at the time of his

birth, and each signed a paper writing relinquishing their right to the custody and control of said child.

The mother of the child later filed her petition in the Juvenile Court alleging that the said child was not a delinquent child and had not been .abandoned; that he was still in the custody of the court. The petition prayed the court for ''a proper citation directing the proper officer to at once take said Eugene Dale Smith into custody and upon a proper hearing said Eugene Dale Smith be dealt with as the law in such cases may provide and direct.''

An answer to the foregoing petition was filed by Mr. and Mrs. F. A. Ottinger in which the allegation is made that the care, custody and control of said child was awarded by proper order to them, and that the order was entered after notice to the petitioner and a hearing in due course. The answer contains the following recitations:

''It is denied that the proceeding giving the custody of said minor child to your respondents for adoption is invalid as alleged for the reasons set forth on page 3 of said petition. On the contrary your respondents would show and aver that its decree awarding the custody to respondents was not based entirely upon the voluntary surrender of said baby executed by petitioner, but was also based upon the findings of the Court that said child was dependent within the purview and meaning of the acts of the Legislature creating this court and as defined by the General Law of this State.

''Your respondents would further show and aver that said decree of February 27th is valid, binding and final and respondents hereby charge and aver that said decree fully adjudicated all questions with

reference to the proper custody of said Eugene Dale Smith and respondents expressly plead said decree as res adjudicata to the matters and charges set forth in this petition.''

The petitioner filed an amended petition on March 19, 1951 reiterating the charge that the paper writing she signed purporting to surrender the custody of her child was the result of undue influence and ignorance of her rights; that ''She was frustrated and mentally distressed by her experience of very recent childbirth and physical condition.''; that she was never given notice of the Juvenile Court proceeding nor was any service of process served upon her. The amended petition charged that the proceedings based upon the surrender of the child were ''invalid, null and void:''

The decree of the court, based upon the foregoing pleadings and ''oral proof introduced before the court'', is as follows:

''The allegations of the original petition as amended is not sustained by the proof and the evidence preponderates in favor of the allegations of the answer thereto and therefore said petition as amended should be dismissed, that is to say:

''1. The Court's decree heretofore entered in this cause on February 27, 1950, adjudicating said Baby Boy Smith had been abandoned and surrendered by his mother, Dulia Weaver Smith, and holding said child had become a public charge and placing said infant in the custody and care of the respondents, Mr. and Mrs. Fred A. Ottinger, for adoption, was unappealed from and had become final and said decree finally adjudicated and determined the issues in regard thereto as made in the present petition and

therefore the plea of former judgment should be and is sustained;

"2. The petitioner, Dulia Weaver Smith, was a party to said proceedings held on February 27, 1950, and had been duly served with process therein and the Court had jurisdiction of the proceedings had for the disposition thereof as provided in said decree;

\* \* \* \* \* \*

"It is, therefore, ordered, adjudged and decreed that the petition of Dulia Weaver Smith be and is dismissed and that the custody of Baby Boy Smith remain in Mr. and Mrs. Fred A. Ottinger for adoption as heretofore decreed in this cause."

Pending this appeal to the Circuit Court the petitioner, Dulia Weaver Smith moved the court for an "order of voluntary nonsuit", the same to be "without prejudice" and reciting that subsequent to her appeal she had filed a bill in the Chancery Court of Knox County, Tennessee, to *set aside and vacate as fraudulent* the judgment of the Juvenile Court of said County. This order was duly entered, but was later modified upon motion of respondents, as follows:

"It is therefore ordered, adjudged and decreed that the appeal be dismissed and the judgment of the Juvenile Court will stand as though no appeal had been prosecuted therefrom."

It is from this amended order of nonsuit that the petitioner was granted an appeal to this Court.

The contention of the appellant is that unless her "nonsuit" is "without prejudice" she will be greatly embarrassed in her suit in the Chancery Court to have the judgment of the Juvenile Court declared to be fraudulent and

void. In support of this contention the counsel for the appellant says:

"We earnestly insist the appellant on a broad appeal has the right to dismiss her appeal without prejudice because the appeal has the legal effect of vacating and annulling the judgment of the lower court and leave the litigants as though the suit had never been commenced."

Counsel for appellant has cited numerous cases to the effect that "a simple appeal operates to annul the judgment of the inferior court, which, in legal contemplation, ceases to exist after the appeal is granted." *Furber* v. *Carter*, 34 Tenn. 1.

 The counsel has failed to grasp the correct holding of the Court in this and similar cases. Thus in *Furber* v. *Carter*, supra, while holding that the effect of an appeal is to annul the judgment of the inferior court it does so in the sense that it puts an end to all further control of the case by the inferior court. In the Furber case the Court says: "The appeal in error merely *suspends* the judgment of the inferior court, and does not annul or destroy it—hence, if the appeal in error be dismissed, or abated, the judgment below remains in full force."

The case of *Lacy* v. *Rymer*, 28 Tenn. App. 180, 187 S. W. (2d) 653, has no application to this case; nor is *Dossett* v. *Miller*, 35 Tenn. 72, in point, the Court merely adhering to an accepted rule of practice that where a plaintiff takes a non suit it "constitutes no bar to another suit for the same cause of action."

In *B. E. Dodd & Son* v. *Nashville, C. & St. L. Railroad Co.*, 120 Tenn. 440, 110 S. W. 588, 589, the plaintiff had lost his case in the Circuit Court. The Court of Civil Appeals undertook to reverse the case, " 'directing its dismissal without prejudice to prosecute another suit for

the same cause.' '' Granting the writ of certiorari it was said by this Court:

"Again, the case was not in the Court of Civil Appeals, so that it could be dismissed. In actions at law, the appeal is in the nature of a writ of error, and this proceding does not vacate the judgment of the trial court, but merely suspends it during the pendency of the proceeding in the higher court. *Spalding* v. *Kincaid,* 1 Shan. (Tenn. Cas.), 31; *Akers* v. *Akers* [84 Tenn. 7, 11, 12], Lea [7], 11, 12, 57 Am. Rep. 207; *Smith* v. *Holmes* [59 Tenn. 466, 468], 12 Heisk. [466], 468; 1 Meigs' Dig., p. 342.

"Neither the plaintiff nor the appellate court can dismiss the suit. The only control that either has of it is to dismiss the proceeding in error, and when this is done the proper judgment, and the only one that can be entered, is an affirmance of the judgment of the trial court. *Thomasson* v. *Kercheval.* [29 Tenn. 322, 324], 10 Humph. [322], 324; *Furber* v. *Carter* [34 Tenn. 1], 2 Sneed, 1; *Fry* v. *Taylor* [38 Tenn. 594, 600], 1 Head [594], 600; *Dossett v. Miller* [35 Tenn. 72, 74], 3 Sneed [72], 74.'' See also *Fort* v. *Fort,* 118 Tenn. 103, 101 S. W. 433, and *Federal Fire-fighters of Oak Ridge* v. *Roane-Anderson Co.,* 185 Tenn. 320, 324, 206 S. W. (2d) 369.

The right of a plaintiff, who has lost his case in an inferior court, to take a *nonsuit* in the court to which an appeal is prayed and granted, is not questioned. The effect of such a voluntary dismissal of the appeal, or nonsuit, is to revitalize the judgment in the lower court as if no appeal had been taken therefrom. A nonsuit "without prejudice" is unknown to the law except in those cases

where the plaintiff has the right to institute another suit upon the same cause of action.

The assignments of error are overruled and the judgment of the trial court is affirmed.