VERBLE HOWARD KIRBY, Plaintiff in Error,

*v.*

MICHAEL W. CRAMER, Defendant in Error.

410 S.W.2d 724.

(*Nashville*, December Term, 1966.)

Opinion filed January 13, 1967.

LANGFORD & LANGFORD, Cookeville, for plaintiff in error.

MADDUX, CAMERON & JARED, Cookeville, for defendant in error.

PER CURIAM.

This appeal comes from the Circuit Court of Putnam County, Tennessee. In that court, defendant in error's plea of res judicata was sustained. This resulted in plaintiff in error's action for $10,000.00 for property damage and personal injury arising out of an automobile accident being dismissed.

It appears from the record in this case that the plaintiff in error originally brought suit on the same cause of action in the General Sessions Court of Putnam County, Tennessee. A judgment for the defendant in error was rendered in that court. The judgment of the General Sessions Court was appealed by plaintiff in error to the Putnam County Circuit Court. Plaintiff in error, shortly after the trial of the cause had begun in the Circuit Court, took a voluntary non-suit in that court.

About two weeks after plaintiff in error had taken this voluntary non-suit, he filed the present suit in the Putnam County Circuit Court. In this second action, plaintiff in error seeks $10,000.00 damages against the defendant in error for the same injuries arising out of the same accident. The defendant in error filed a plea of res judicata which, as aforesaid, was sustained, and plaintiff in error's action was dismissed. The plea is as follows:

"Defendant for plea to plaintiff's declaration says that, heretofore to-wit; on the 1st day of May, 1963, plaintiff brought an action for property damages and personal injuries in the General Sessions Court for

Putnam County, Tennessee against this defendant and another in which the plaintiff sought to hold this defendant liable for negligence in the operation of an automobile by defendant, plaintiff claiming that there was a collision with the automobile being driven by defendant as the result of the carelessness of defendant as aforesaid; that defendant in response to a summons or warrant appeared and interposed his plea of not guilty; that subsequently, to-wit, on the 30th day of August, 1963, in the said Putnam County General Sessions Court, the issues arising upon plaintiff's warrant and defendant's pleas were tried by the Court, and a judgment in favor of the defendant and against the plaintiff was pronounced by the Court and plaintiff's suit was dismissed at plaintiff's cost. Thereafter plaintiff perfected an appeal to this Honorable Circuit Court of Putnam County, Tennessee from the adverse final judgment of the said General Sessions Court for Putnam County, Tennessee, and said case came on for trial on the 26th day of March, 1964, before the Court without the intervention of a jury. Plaintiff called the defendant Michael W. Cramer as his witness, and after examining him moved the Court to be permitted to take a voluntary non-suit, which motion was allowed by the Court.

Defendant avers that the action, the issues, and the parties in the former case were, and are, identical with those in the present action, except that in the former case, T. F. Cramer, father of this defendant in whom title to the automobile being driven by this defendant at the time of the accident was registered, was also a party defendant. Defendant avers that the effect of plaintiff's non-suit in the Circuit Court, after his

appeal from an adverse judgment in the General Sessions Court, is to restore the judgment of the General Sessions Court to full force and effect, and to make said judgment final; wherefore, defendant pleads said judgment as res judicata of said issues in bar of this action of Plaintiff.''

Plaintiff in error insists that, under T.C.A. sec. 20-1311, he may take a voluntary non-suit in the Circuit Court before the retirement of the jury or, under T.C.A. sec. 20-1313, before the judge, sitting without a jury, renders a decision in the case. It is further insisted that, under the provisions of T.C.A. sec. 28-106, this non-suit is not a judgment concluding his right of action; and he may reinstitute the same cause of action within one year after the judgment granting the voluntary non-suit.

On the other hand, the defendant in error insists that the taking of a non-suit on appeal to the Circuit Court constitutes an affirmance of the judgment of the General Sessions Court. That is to say that the voluntary dismissal of the cause of action in the Circuit Court somehow reinstates the judgment of the General Sessions Court. To reach such conclusion would require us to ignore T.C.A. sec. 28-106, generally referred to as the Tennessee inconclusive dismissal statute.

We conclude that this case is controlled by the opinion of this Court in *Morgan v. Weinberger* (1923) 149 Tenn. 537, 260 S.W. 966. The effect of T.C.A. sec. 28-106, as applied here, is plainly recognized in that case. There is no rational basis whatever to argue that there is any distinction as to a so-called reinstatement of the General Sessions Court judgment based upon the fact that such judgment is in favor of one party or the other.

The defendant in error relies heavily upon the case of *Taylor v. Ottinger* (1952) 193 Tenn. 688, 249 S.W.2d 899. That case involves an appeal from a Juvenile Court, a court of record, and it is the opinion of this Court that it is not determinative of the case at bar. The procedure invoked in that case is equitable in nature.

It is pertinent to point out that by the procedure followed in this litigation the plaintiff in error has created a ceiling upon his permissible ad damnum.

The judgment of the trial court, dismissing plaintiff in error's cause of action, is reversed and the case remanded for further proceedings, not inconsistent with this Opinion. The costs of this appeal are assessed against the defendant in error.