**Ronnie & Elaine KATZ,
Plaintiffs–Appellees,**

v.

**Ruben & Charlotte BILSKY,
Defendants–Appellants.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

May 9, 1988.

Rehearing Denied May 26, 1988.

Certiorari Denied by Supreme Court
July 18, 1988.

Ira M. Thomas, Memphis, for Ronnie and Elaine Katz, plaintiffs-appellees.

Steven F. Bilsky, Memphis, for Ruben and Charlotte Bilsky, defendants-appellants.

FARMER, Judge.

This case involves an appeal from an order allowing plaintiffs to take a voluntary nonsuit without prejudice.

Ronnie and Elaine Katz filed suit in general sessions court against Ruben and Charlotte Bilsky. Judgment was entered for the Bilskys. The Katzes appealed this decision to circuit court for a trial *de novo*. When one of their witnesses was not properly served with process and would not voluntarily appear, the Katzes decided that they could not at that time proceed further; therefore, they announced that they wished to take a voluntary nonsuit pursuant to T.R.C.P. 41.01(1)[1]. The trial court subse-

quently entered an order of voluntary dismissal without prejudice.

The Bilskys assert that, since the Katzes dismissed their suit in circuit court, they are entitled to an affirmance of the general sessions judgment pursuant to T.C.A. § 27–5–107. This statute provides:

**Affirmance.**—If the papers are properly returned, and the appellant fails to appear or defend as above, *or if the appeal is dismissed for any cause,* the appellee is entitled to an affirmance of the judgment below, with costs. (emphasis added)

The Katzes, on the other hand, rely on the Tennessee Supreme Court decision of *Kirby v. Cramer,* 219 Tenn. 447, 410 S.W. 2d 724 (1967), in which the Court held that a plaintiff who had received an adverse decision in general sessions court could appeal that decision to circuit court, take a nonsuit and later refile without having the general sessions judgment affirmed on the basis of that nonsuit. That Court stated:

[T]he defendant in error insists that the taking of a non-suit on appeal to the Circuit Court constitutes an affirmance of the judgment of the General Sessions Court. That is to say that the voluntary dismissal of the cause of action in the Circuit Court somehow reinstates the judgment of the General Sessions Court. To reach such conclusion would require us to ignore T.C.A. § [28–1–105], generally referred to as the Tennessee inconclusive dismissal statute.

*Id.* 410 S.W.2d at 725.

Since there is no conflict among the parties as to the facts involved in this case, the issue presented to us is one of law. Therefore, on appeal there is no presumption of correctness of the trial court's decision.

---

1. "Voluntary Dismissal: Effect Thereof

(1) Subject to the provisions of Rule 23.03 or Rule 66 and of any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit or to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause; or by an oral notice of dismissal made in open court during the trial of a cause; or in jury trials at any time before the jury retires to consider its verdict and prior to the ruling of the court sustaining a motion for a directed verdict. If a counterclaim has been pleaded by a defendant prior to the service upon him of plaintiff's motion to dismiss, the defendant may elect to proceed on such counterclaim in the capacity of a plaintiff."

*Billington v. Crowder,* 553 S.W.2d 590, 595 (Tenn.App.1977).

The Bilskys are appealing from the order entered by the trial court allowing the Katzes to take a voluntary nonsuit without prejudice pursuant to T.R.C.P. 41.01. Although no issue is presented as to whether this order is appealable, it is appealable by the Bilskys if they can show that their rights were prejudiced as a result of the granting of the order. *See Panzer v. King,* 743 S.W.2d 612 (Tenn.1988).

Although the Bilskys agree that the Katzes had the absolute right to take a voluntary nonsuit in circuit court, they argue that their statutory right to an affirmance of the general sessions judgment, pursuant to T.C.A. § 27–5–107, would be prejudiced by entering the order of nonsuit as a dismissal without prejudice. This statute is explicit in its terms and in construing its effect, our Supreme Court in *Donaghy & Co. v. McCorkle,* 118 Tenn. 73, 98 S.W. 1050 (1907), held that upon the dismissal of an appeal from the judgment of the justice of the peace to the circuit court, "it is the duty of the circuit court to affirm the judgment of the justice." *Id.* 98 S.W. at 1051. The court relied upon Shannon's Code § 4876 (now T.C.A. § 27–5–107).

In *Donaghy,* appellant, a defendant in the lower court, moved to dismiss its appeal while the circuit judge was charging the jury. No reference is made to T.C.A. § 27–5–107 in either *Kirby* or *Moran v. Weinberger,* 149 Tenn. 537, 260 S.W. 966 (1923), which *Kirby* held to be controlling.

It appears that the apparent inconsistency between the statute (27–5–107) and the result reached in *Kirby* can only be reconciled by drawing a distinction between dismissing an appeal and taking a voluntary dismissal after an appeal has been perfected. Such a distinction is discussed by the Nebraska Supreme Court in *Thornhill v. Hargreaves,* 76 Neb. 582, 107 N.W. 847, 849 (1906) which states:

> In this argument counsel do not appear to distinguish between the dismissal of an appeal and the dismissal of a cause of action pending on appeal, because many

of the cases cited deal only with the effect of the former.

On the basis of the holding in *Kirby v. Cramer,* the order of the trial court dismissing this cause without prejudice is affirmed. Appellees' motion for a frivolous appeal is denied. The costs of this appeal are taxed to appellants for which execution may issue if necessary.

CRAWFORD and HIGHERS, JJ., concur.