IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 6, 2009 Session

JAMES CROWLEY ET AL. v. WENDY THOMAS

Appeal from the Circuit Court for Davidson County
No. 08C-421     Joe P. Binkley, Jr., Judge

No. M2009-01336-COA-R3-CV - Filed January 27, 2010

The issue on appeal is whether a defendant, who appealed from an adverse judgment rendered against her in the general sessions court, may dismiss the appeal at any time in the circuit court and thereby dismiss the plaintiff's additional claims asserted in an amended complaint in the circuit court. Following the defendant's appeal to the circuit court, the plaintiff/appellee filed an amended complaint adding his wife as an additional plaintiff, asserting additional claims and seeking additional damages. On the eve of trial, the defendant filed a Notice of Dismissal of Appeal and Motion to Affirm General Sessions Judgment. The plaintiffs objected to the dismissal of their amended complaint, insisting that they had the right to proceed with their new and additional claims. The circuit court held that the party appealing from a general sessions judgment is entitled to dismiss the appeal at any time, without the consent of the adverse party, and the affirmance of the general sessions judgment. We affirm the decision of the circuit court.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Donald Capparella, Amy J. Farrar, Larry Roger McElhaney, II, and Penny Pruitt, Nashville, Tennessee, for the appellants, James Crowley and Joan Crowley.

Scott A. Rhodes, Brentwood, Tennessee, for the appellee, Wendy Thomas.

Richard C. Mangelsdorf, Jr., and Joey C. Johnsen, Nashville, Tennessee, for the unnamed appellee, Indiana Insurance Company.

## OPINION

This action originated in the General Sessions Court for Davidson County when the plaintiff, James Crowley, filed a civil warrant on November 24, 2007, against Wendy Thomas for damages sustained in an automobile accident that occurred on November 8, 2006. A trial was held in the general sessions court on January 24, 2008, and the general sessions court awarded a judgment in favor of Mr. Crowley against Ms. Thomas for $14,500. Ms. Thomas timely filed an appeal to the Circuit Court for Davidson County on February 4, 2008.

James Crowley then filed an amended complaint in the circuit court to add his wife, Joan Crowley, as an additional plaintiff, whereby she asserted a claim for loss of consortium. The Crowleys amended their complaint a second time on May 23, 2008, asserting an additional claim for common law negligence, and seeking damages for medical and other expenses, including mental anguish, loss of enjoyment of life, and impairment in earning capacity. On June 6, 2008, Ms. Thomas moved for a more definite statement on the amount of damages. The circuit court ordered the Crowleys to amend their complaint to include an addendum clause on damages.

The Crowleys filed a third amended complaint on September 29, 2008, increasing the claim of compensatory damages to $125,000. On March 4, 2009, the Crowleys filed their Fourth Amended Complaint seeking compensatory damages not to exceed $300,000.

The trial date was set for March 9, 2009. Three days before trial, Ms. Thomas filed a Notice of Dismissal of Appeal and Motion to Affirm General Sessions Judgment. The Crowleys immediately objected to the affirmance of the general sessions judgment and the dismissal of the claims they had asserted in the amended complaints. The circuit court overruled the Crowleys' objections, dismissed Ms. Thomas' appeal, along with the Crowleys' amended complaint, and reinstated the $14,500 judgment.[1] This appeal followed.

### ANALYSIS

The dispositive issue here is whether the dismissal of an appeal from an adverse judgment in the general sessions court necessitates the dismissal of all pending claims

---

[1] The Crowleys filed a Motion to Vacate, Alter, or Amend, arguing that the appeal from the general sessions court should not be dismissed, as they had added additional claims and incurred additional litigation costs preparing for the trial on those claims. A hearing was held on May 22, 2009, at which time the court denied the Crowleys' motion. On June 30, 2009, the trial court entered an order memorializing its ruling.

asserted by the plaintiff in an amended complaint filed in the circuit court.[2] We have determined an appellant from general sessions court may effect the involuntary dismissal of the plaintiffs' additional claims asserted in circuit court by filing a Notice of Dismissal of Appeal and Motion to Affirm General Sessions Judgment at any time before trial in the circuit court.

The Tennessee Supreme Court in *C.B. Donaghy v. McCorkle* stated that "[i]t is the general rule that the appellant may have his own appeal dismissed at any time while the cause remains within the jurisdiction of the appellate court. The appellee is entitled to costs on such a dismissal, but cannot object, nor is his consent required." *C.B. Donaghy*, 98 S.W. 1050 (Tenn. 1906). The court then held that "[u]pon dismissal of an appeal from the justice of the peace, it is the duty of the circuit court to affirm the judgment of the justice."[3] *Id*. (citing to Shannon's Code § 4876).

The provision in Shannon's Code cited to by the Supreme Court stated:

So, also, if the papers are properly returned, and the appellant fails to appear or defend within the first three days of the term to which the papers are returned, *or if the appeal is dismissed for any cause, the appellee is entitled to an affirmance of the judgment below with costs*.

Shannon's Code § 4876 (emphasis added). Section 4876 of Shannon's Code was later codified at Tenn. Code Ann. § 27-5-107, and remains in effect today. The current statute, which is substantively identical to the provision in Shannon's Code, reads: "*if the appeal is dismissed for any cause, the appellee is entitled to an affirmance of the judgment below, with costs*." Tenn. Code Ann. § 27-5-107 (emphasis added).

The decision in *Donaghy* has stood the test of time. For over a hundred years no statute has been enacted and no rule of procedure adopted that expressly supersedes or conflicts with the ruling in *Donaghy*. Moreover, no court has overturned or modified the ruling in *Donaghy*. To the contrary, our courts have followed the ruling in a number of cases and under varied circumstances, holding that the appellant's dismissal of an appeal from a general sessions judgment results in a dismissal of the plaintiff's case, even over the

---

[2]While numerous issues were raised on appeal, such as the propriety of adding Joan Crowley as a plaintiff to this action, we find these issues are rendered moot by our decision.

[3]The Court referred to justices of the peace, which were the predecessors to the general sessions courts. *See Ware v. Meharry Medical College*, 898 S.W.2d 181, 183 (Tenn. 1995) ("Today's general sessions courts trace their lineage back to the justice of the peace courts.").

objection of the plaintiff/appellee. *See Henderson v. Harlan*, No. 01A01-9610-CV-00463, 1997 WL 311530 (Tenn. Ct. App. June 11, 1997); *Enrichment Institute v. Boyce*, No. 216, 1990 WL 125067 (Tenn. Ct. App. Dec. 3, 1990); *Katz v. Bilsky*, 759 S.W.2d 420 (Tenn. Ct. App. 1988).

In *Enrichment Institute v. Boyce*, the plaintiff filed suit for breach of contract against Michael and Hope Boyce but the proof established that Mrs. Boyce was the only signatory to the contract. As a consequence, the court dismissed the claim against Mr. Boyce and a judgment was entered against Mrs. Boyce only. *Id.* at *1. The plaintiff appealed to the circuit court as to both defendants. *Id.* Later the plaintiff filed a motion to dismiss its appeal and reinstate the general sessions court judgment. *Id.* The Boyces objected to the dismissal, insisting the case proceed to trial. *Id.* The circuit court overruled the objection, dismissed the appeal with prejudice, and affirmed the judgment from the general sessions court. *Id.* Dissatisfied with the circuit court ruling, the Boyces appealed to this court. Citing to *Donaghy* and its progeny, we affirmed the circuit court. *Id.* at *2 (citing *Donaghy*, 98 S.W. 1050; *Katz*, 759 S.W.2d 420).

The case that is almost directly on point is that of *Henderson v. Harlan.* Like here, the issue was "whether the circuit court erred in refusing to allow the Defendant to voluntarily dismiss his appeal from a judgment in general sessions court after the Plaintiff filed an amended complaint in circuit court and after the Defendant filed an answer to the amended complaint." *Henderson*, 1997 WL 311530, at *1. In that matter, we concluded that it was "well-settled" in Tennessee that "a party appealing a general sessions court judgment to circuit court has the right to dismiss the appeal *at any time prior to trial in circuit court.*" *Id.* (citing *Storie v. Griffin*, 51 S.W.2d 488, 489 (Tenn. 1932); *C.B. Donaghy & Co.*, 98 S.W. 1050; *Day v. Hagler*, slip op. (Tenn. Ct. App. June 25, 1985)) (emphasis added).

The Crowleys contend erroneously here, as did the plaintiff in *Henderson*, that "an appellant loses his right to dismiss his appeal from a general sessions court judgment once an amended complaint and an answer to the amended complaint are filed in circuit court." *Id.* at *2. This misplaced argument, as noted in *Henderson*, was based upon a misreading of the Supreme Court's holding in *Ware v. Meharry Medical College*, 898 S.W.2d 191 (Tenn. 1985). Contrary to the *Henderson* and *Crowley* arguments, *Ware* "did not modify the long-standing principle that an appellant may dismiss his appeal from a judgment of the general sessions court at any time prior to trial in circuit court." *Id.* The ruling in *Ware* merely stands for the proposition the plaintiff in a case appealed from a judgment in general sessions court, may amend the complaint to seek damages in the circuit court beyond the monetary jurisdictional limits of the general sessions court. *Id.* (citing *Ware*, 898 S.W.2d 181). *Ware* did not, however, modify the long-standing principle that an appellant may dismiss his appeal

from a judgment of the general sessions court at any time prior to trial in circuit court, the result of which is the reinstatement of the general sessions judgment. *Id*.

There have been many substantive and procedural rules and statutes over the years that pertain to the proceedings in the circuit court following an appeal from general sessions court. Many of these are a result of the Tennessee Rules of Civil Procedure that went into effect in 1970; nevertheless, we find no rule, statute, or court decision that changes the long-standing principle that the appellant from a judgment of the general sessions court may dismiss her appeal "at any time prior to trial" in circuit court, which action necessitates the dismissal of the circuit court action and the affirmance or reinstatement of the general sessions judgment. If change in this practice is indicated, due to the potential for the misuse of judicial resources and unnecessary expenses to the parties, it is the prerogative of the Tennessee Supreme Court or the General Assembly to effect such change.

We, therefore, affirm the dismissal of Ms. Thomas' appeal, the involuntary dismissal of the Crowleys' amended complaint and the claims asserted therein, and the affirmance of the general sessions court judgment against Ms. Thomas in the amount of $14,500, plus costs of the appeal to circuit court.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded. One-half of the costs of appeal are assessed against the Crowleys and one-half against Ms. Thomas.

_____
FRANK G. CLEMENT, JR., JUDGE