# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
June 2, 2011 Session

## SHEILA BROWN v. RICO ROLAND

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Davidson County**
**No. 08C-2927      Thomas Brothers, Judge**

**No. M2009-01885-SC-R11-CV - Filed January 18, 2012**

This appeal involves the amount of damages a plaintiff may seek on a de novo appeal from a general sessions court to a circuit court. The plaintiff filed suit in the Davidson County General Sessions Court seeking damages sustained in an automobile accident. She also notified her uninsured/underinsured motorist carrier of her suit. After deciding that her damages exceeded the general sessions court's jurisdictional limit, the plaintiff requested the general sessions court to dismiss her suit. The general sessions court obliged, and the plaintiff perfected a de novo appeal to the Circuit Court for Davidson County. After the plaintiff accepted the defendant's $25,000 settlement offer, the plaintiff's insurance carrier moved to dismiss the plaintiff's underinsured motorist claim because her settlement with the defendant equaled the amount of damages she had sought in general sessions court. The trial court granted the insurance company's motion to dismiss because the plaintiff failed to file an amended complaint increasing the amount of her damages claim. The Court of Appeals affirmed the trial court. *Brown v. Roland*, No. M2009-01885-COA-R3-CV, 2010 WL 3732169 (Tenn. Ct. App. Sept. 23, 2010). The plaintiff filed a Tenn. R. App. P. 11 application for permission to appeal, asserting that she was not limited to the amount of damages she sought in general sessions court after she perfected a de novo appeal to the circuit court. We disagree and affirm the judgments of the trial court and the Court of Appeals.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals
Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the Court, in which CORNELIA A. CLARK, C.J., JANICE M. HOLDER, GARY R. WADE, and SHARON G. LEE, JJ., joined.

Brian Dunigan, Goodlettsville, Tennessee, (in this Court), and Eric Beasley, Goodlettsville, Tennessee, for the appellant, Sheila Brown.

David J. White, Jr., Nashville, Tennessee, for the appellee, State Farm Mutual Automobile Insurance Company.

**OPINION**

**I.**

On the evening of December 1, 2006, Sheila Brown[1] was driving on Murfreesboro Pike in Davidson County. She was followed closely by a vehicle driven by Rico Roland. When Ms. Brown slowed down, Mr. Roland was unable to stop quickly enough to avoid striking the rear of Ms. Brown's vehicle. Ms. Brown was injured, and her vehicle was damaged. Her medical bills amounted to $21,970.80, and her lost wages totaled $2,173.20.

Ms. Brown retained a lawyer and, on November 26, 2007, filed a civil warrant in the Davidson County General Sessions Court seeking to recover "under $25,000.00" from Mr. Roland for "painful personal injuries, medical bills, lost wages, and pain and suffering." She also notified her insurance carrier, State Farm Mutual Insurance Company ("State Farm"), of her suit. Ms. Brown's insurance policy included uninsured/underinsured coverage.

At the trial in general sessions court on August 21, 2008, Ms. Brown's lawyer announced that he did not plan to present any evidence and requested the general sessions court to enter a judgment against his client. The court obliged and dismissed Ms. Brown's case without prejudice. On August 29, 2008, Ms. Brown perfected a de novo appeal to the Circuit Court for Davidson County. On October 28, 2008, Mr. Roland filed an answer denying that he had acted negligently and raising several affirmative defenses.

On December 18, 2008, Mr. Roland offered to settle with Ms. Brown for $25,000 – the limits of his Permanent General Assurance Company policy. On the same day, Ms. Brown's lawyer notified State Farm by letter that Ms. Brown had accepted Mr. Roland's $25,000 settlement offer and that Ms. Brown and Mr. Roland had agreed that Ms. Brown would "submit her uninsured motorist claim to BINDING ARBITRATION pursuant to Tenn. Code Ann. § 56-7-1206." In a separate letter to State Farm, Ms. Brown's lawyer stated that Ms. Brown would settle her underinsured motorist claim for $120,000.

---

[1]Ms. Brown's first name is spelled inconsistently in this record. In some documents it is spelled "Sheila;" in other documents it is spelled "Shelia." For the purpose of this opinion, we have decided to use the former name because this is the name that appears on the papers she has filed in this Court and because this is the name that appears on the cover of the technical record.

State Farm made its first formal appearance in the case on March 17, 2009, when it filed a motion to dismiss Ms. Brown's claims. The motion relied on two grounds. First, State Farm insisted that Ms. Brown could not appeal from the dismissal of her claim by the general sessions court because she requested the dismissal. Second, State Farm argued that there was nothing further to adjudicate in the circuit court because Mr. Roland's $25,000 settlement offer, which Ms. Brown had accepted, matched the amount that Ms. Brown had sought in general sessions court.

On March 20, 2009, Ms. Brown filed a motion in the circuit court seeking to cut off further discovery and to compel State Farm to arbitrate. On March 27, 2009, Ms. Brown filed a response to State Farm's motion to dismiss. She insisted that she had not voluntarily dismissed her case in general sessions court and, citing *Ware v. Meharry Med. Coll.*, 898 S.W.2d 181 (Tenn. 1995), that "she [was] no longer bound to the jurisdictional limits of her general sessions warrant" once she perfected a de novo appeal to the circuit court. Despite State Farm's pending motion, Ms. Brown did not file an amended complaint increasing her claim for damages.

The trial court conducted a hearing on all pending motions on April 3, 2009. Even though Ms. Brown's trial counsel believed that his client's damages exceeded $25,000,[2] he steadfastly declined to file an amended complaint increasing the damages beyond the amount requested in the general sessions warrant. Despite the trial court's repeated cues during the April 3, 2009 hearing, Ms. Brown's counsel continued to insist that amended pleadings were unnecessary. Following argument by counsel, the trial court granted State Farm's motion to dismiss Ms. Brown's underinsured motorist claims against State Farm. The court explained:

> [T]he point is, you've got a pleading that says you're suing for $24,999.99. That has been appealed.
>
> . . . And since August of last year, when this case was appealed, there's never been any attempt to increase the [ad damnum], to change it, to fairly alert the defendant . . . .
>
> * * *
>
> . . . If you had amended your complaint and asked for $100,000, or whatever you wanted to ask for, then they would have been

---

[2]One noted expert on practice in Tennessee's courts has recently observed that "[n]othing persuades me that a big bucks case should be initially filed in a small bucks court." Donald F. Paine, *Filing Circuit Court Cases in General Sessions Court*, Tenn. B.J., Oct. 2011, at 21.

put on notice that they were subject to potentially having to pay more . . . .

Now, granted, you can still make an oral motion sometime, and I would have to make a ruling on that. To this date, though, there's never been any motion to amend.

* * *

*Ware* [*v. Meharry Medical College*] is very clear, and it says that you're not bound by the amount that you sought at the General Sessions level . . . . On the other hand, when you appeal a matter from General Sessions Court . . . , the only pleading we have is the civil warrant. The allegation of facts that's contained within the civil warrant is what we base the action on and the [ad damnum].

. . . I am granting the motion to dismiss on the grounds that it's shown clearly that the full amount sued for has been tendered and accepted by the plaintiff[], and there's no further exposure to State Farm Insurance.

I respectfully deny the motions for arbitration and discovery cutoff as being moot . . . .

. . . [E]ven as of today, no motion to increase the [ad damnum] has been made. And [you] could have had the right at any time to file a motion had you done -- It frequently happens, when you come up out of General Sessions, a lot of times people will sue for that, and they'll come up and say, We're [going to] change this, it's [going to] be a $100,000 case now instead of a $25,000 case, and they file a motion to increase their [ad damnum], and as soon as it comes up, they're usually granted without any issue, frequently, not even opposed.

There's never been a motion made on this. You are limited, I find . . . that the [ad damnum] stated in the General Sessions' warrant is binding at the Circuit level until and unless a motion to amend is made to modify that. And . . . [t]hat being

-4-

the case, you . . . actually . . . recovered more than you sued for, one penny more.

\* \* \*

There is no exposure to State Farm. There is no cause of action . . . against State Farm Insurance, because the full amount sued for has been tendered and accepted . . . . [Mr. Roland's insurer] tendered 25,000, and you've accepted it. You sued for $24,999.99. . . . [Y]ou've been made whole for what you've sued for, and, therefore there's no exposure on the part of the uninsured motorist because you didn't sue for any more than that.

On April 29, 2009, the trial court filed an order predicated on the same rationale, dismissing State Farm from the case and denying Ms. Brown's motions to cut-off discovery and to compel arbitration.[3]

On May 1, 2009, Ms. Brown filed a motion to alter or amend or in the alternative to request permission to pursue a Tenn. R. App. P. 9 interlocutory appeal. She also filed a belated motion to increase her claim for damages to $125,000. While Ms. Brown conceded that none of her correspondence with State Farm could be construed as an amended complaint or an amended claim for damages, she insisted that the correspondence put State Farm on notice that she was seeking additional damages. She also insisted that the burden was on State Farm, not her, to clarify the amount of damages being sought in the trial court following the de novo appeal from the general sessions court. The trial court denied Ms. Brown's motions on June 16, 2009.

On June 18, 2009, Mr. Roland moved to enforce his settlement agreement with Ms. Brown. Ms. Brown did not dispute that she had agreed to settle with Mr. Roland but requested that the order of enforcement state that it was without prejudice to her efforts to

---

[3]In its written order, the trial court found "that the amount for which the Plaintiff seeks recovery is 'under $25,000.00 dollars,' the amount recited in the . . . General Sessions Civil Warrant." Additionally, the Court added "that [Ms. Brown] has not sought by motion, oral or written, the leave of the Court to amend and increase the amount she seeks in damages or by filing of a separate pleading reciting an addendum above $25,000.00." Because Mr. Roland's insurance covered that amount, the Court concluded that "there is no exposure to or potential liability of State Farm . . . for uninsured/underinsured motorist benefits." Accordingly, the Court granted State Farm's motion to be dismissed from the case and denied Ms. Brown's motions to compel arbitration and to cut-off discovery.

seek binding arbitration with State Farm. On August 7, 2009, the trial court entered an order enforcing the settlement agreement with Mr. Roland.

Ms. Brown appealed to the Court of Appeals, asserting that the trial court had erred by dismissing her claim against State Farm and by declining to compel arbitration. The Court of Appeals affirmed the trial court after concluding that "[t]here is no remaining claim to be arbitrated here. Had Plaintiff sued for more [than] $25,000, the amount she received and the limits of Roland's insurance coverage, our conclusion would have been different; but she did not." *Brown v. Roland*, No. M2009-01885-COA-R3-CV, 2010 WL 3732169, at *6 (Tenn. Ct. App. Sept. 23, 2010).

Ms. Brown retained a new lawyer and filed a Tenn. R. App. P. 11 application seeking review of the judgment of the Court of Appeals. She asserted that the lower courts erred by dismissing her claims against State Farm and by declining to compel State Farm to enter into binding arbitration. For its part, State Farm asserted that the lower courts' decisions to dismiss Ms. Brown's underinsured motorist claims were correct. We granted permission to appeal to decide whether a party who has perfected a de novo appeal to a circuit court from a general sessions court is limited by the amount of damages sought in the general sessions warrant until he or she files an amendment increasing the amount of damages being sought.

## II.

The determination of whether a party appealing from general sessions to circuit court is bound by the amount stated in the plaintiff's civil warrant unless and until that amount is amended before the circuit court presents a question of law. This Court reviews decisions on questions of law de novo with no presumption of correctness. *Knox Cnty. ex rel. Envtl. Termite & Pest Control, Inc., v. Arrow Exterminators, Inc.*, 350 S.W.3d 511, 518 (Tenn. 2011); *Graham v. Caples*, 325 S.W.3d 578, 581 (Tenn. 2010).

## III.

When the Tennessee General Assembly created the general sessions courts over sixty years ago, it intended that these courts would retain the same informal procedures that characterized the practice in their predecessors, the justice of the peace courts. *See Ware v. Meharry Med. Coll.*, 898 S.W.2d at 183. Except for circumstances not involved in this case,[4] the Tennessee Rules of Civil Procedure do not apply to proceedings in general sessions court

_____

[4]Tenn. R. Civ. P. 1(1) states that the Tennessee Rules of Civil Procedure shall apply "to general sessions courts exercising civil jurisdiction of the circuit or chancery courts."

but do apply "after appeal or transfer of a general sessions civil lawsuit to circuit court." Tenn. R. Civ. P. 1(2).

Even though the Tennessee Rules of Civil Procedure govern the proceedings in circuit court following a de novo appeal from general sessions court, plaintiffs appealing from a general sessions court judgment need not "replead their action, reissue process or take any other retrospective step, once a case is appealed from a general sessions court to a circuit court." *Vinson v. Mills*, 530 S.W.2d 761, 765 (Tenn. 1975). This principle also applies to defendants. *Graham v. Caples*, 325 S.W.3d at 583 (holding that a defendant was not required to replead a motion to dismiss in circuit court that had been filed in the general sessions court).

To bridge the gap between the informality of general sessions courts and the more formal proceedings before circuit courts, the General Assembly has provided that

> [n]o civil case, originating in a general sessions court and carried to a higher court, shall be dismissed by such court for any informality whatever, but shall be tried on its merits; and the court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of action, necessary to reach the merits, upon such terms as may be deemed just and proper. The trial shall be de novo, including damages.

Tenn. Code Ann. § 16-15-729 (2009). Accordingly, for proceedings originating in general sessions courts, "[t]he circuit courts have thus permitted amendments that add new parties, that add new causes of action, that add a new counterclaim, cross-claim, or third-party claim, or that add new defenses." *Ware v. Meharry Med. Coll.*, 898 S.W.2d at 185 (footnotes omitted).

After the creation of the general sessions courts, Tennessee's courts continued to recognize the common-law rule applicable to de novo appeals to circuit court that limited a plaintiff's recovery in circuit court to the jurisdictional limits of the general sessions court. *See Kirby v. Cramer*, 219 Tenn. 447, 451, 410 S.W.2d 724, 725 (1967) (noting that the plaintiff "created a ceiling upon his permissible ad damnum" by commencing his suit in general sessions court). In 1995, we addressed the continuing viability of this rule in a case in which the plaintiff had filed an amended complaint in the circuit court increasing his claim for damages beyond the general sessions court's jurisdictional limits. The Court of Appeals, relying on the common-law rule, reversed a $75,000 jury verdict for the plaintiff. We held that plaintiffs perfecting a de novo appeal from general sessions court to circuit court were not constrained by the limit on damages applicable to the general sessions court and,

therefore, that "parties should be permitted to file amended pleadings to the fullest extent permitted by Tenn. R. Civ. P. 15 without regard to the general sessions court's monetary limits." *Ware v. Meharry Med. Coll.*, 898 S.W.2d at 186.

The lynchpin of our decision in *Ware v. Meharry Medical College* was the fact that the plaintiff had filed an amended complaint in the circuit court increasing the amount of his claim for damages. This point has not been lost on other courts that have been called upon to apply the *Ware* decision. The Court of Appeals has noted repeatedly that *Ware* "stands for the proposition [that] the plaintiff . . . may amend the complaint to seek damages in the circuit court beyond the monetary jurisdictional limits of the general sessions court." *Crowley v. Thomas*, No. M2009-01336-COA-R3-CV, 2010 WL 323082, at *3 (Tenn. Ct. App. Jan. 27, 2010);[5] *see also Henderson v. Harlan*, No. 01A01-9610-CV-00463, 1997 WL 311530, at *2 (Tenn. Ct. App. June 11, 1997) (No Tenn. R. App. P. 11 application filed); *Starr Printing Co. v. Hooks*, No. 02A01-9408CV-00192, 1995 WL 270933, at *1 (Tenn. Ct. App. May 4, 1995) (No Tenn. R. App. P. 11 application filed).

In 1999 the Court of Appeals addressed an issue similar to the one raised in this case in a breach of contract proceeding that originated in general sessions court. Both parties appealed from the general sessions judgment. The plaintiff sought to recover more than he had claimed in the general sessions court but failed to file an amended complaint seeking more damages. The Court of Appeals held that the failure of the plaintiff to amend his complaint after perfecting a de novo appeal from general sessions court to circuit court limited the amount of the plaintiff's recovery to the amount of damages sought in general sessions court. *Webb v. Poynter*, No. 02A01-9707-CV-00168, 1999 WL 145257, at *3-4 (Tenn. Ct. App. Mar. 18, 1999) (No Tenn. R. App. P. 11 application filed).

Our holding in this case is narrow. We are not addressing Ms. Brown's right to amend her complaint to increase the amount of damages before the complaint was dismissed because Ms. Brown did not attempt to amend her complaint before it was dismissed. We are likewise not addressing the propriety of Ms. Brown's belated effort to amend her complaint after it was dismissed because she has waived her opportunity to raise this issue.[6] We are

---

[5]We granted the plaintiffs' Tenn. R. App. P. 11 application in *Crowley v. Thomas* to address the fate of a non-appealing plaintiff's claims when a defendant dismisses its de novo appeal to circuit court. We affirmed the Court of Appeals' judgment upholding the trial court's decision that Tenn. Code Ann. § 27-5-107 (2000) required that the plaintiff's amended complaint be dismissed and the judgment of the general sessions court be affirmed. *Crowley v. Thomas*, 343 S.W.3d 32, 34-35 (Tenn. 2011).

[6]Generally, issues that have not been presented to the trial court or the Court of Appeals will not be considered by this Court. *Baugh v. Novak*, 340 S.W.3d 372, 381 (Tenn. 2011); *Pugh's Lawn Landscape Co.*
(continued...)

addressing only whether the amount of damages a party appealing to circuit court from general sessions court seeks to recover is limited to the amount sought in the warrant filed in general sessions court until an amendment to increase the amount of damages is filed in the circuit court. We answer that question "yes." Thus, because Ms. Brown failed to amend to increase the amount of damages beyond those specified in the warrant she filed in general sessions court, the trial court did not err by dismissing her claims against State Farm and likewise did not err by denying Ms. Brown's motion to compel State Farm to arbitrate.

## IV.

We affirm the conclusion of both the trial court and the Court of Appeals that the amount of Ms. Brown's damages was limited to the amount she requested in her general sessions warrant. Accordingly, we affirm the trial court's dismissal of Ms. Brown's claims against State Farm and the denial of Ms. Brown's motion to compel arbitration. We tax the costs of this appeal to Ms. Brown for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUSTICE

---

[6](...continued)
v. Jaycon Dev. Corp., 320 S.W.3d 252, 260 (Tenn. 2010). Because Ms. Brown has conceded that she did not take issue in the Court of Appeals with the trial court's denial of her motion to amend her complaint, this issue has been waived.