May Term,
1838.

FORSHA
v.
WATKINS.

*Friday,
June 1.*

## FORSHA *v.* WATKINS.

A justice of the peace has no jurisdiction in an action of debt, or on the case, against a constable for an escape, if the demand exceed 50 dollars.

APPEAL from the *Wayne* Circuit Court.

BLACKFORD, J.—An action of debt was brought, before a justice of the peace, by *Watkins* against *Forsha* for an escape. Demand 64 dollars.

The declaration, filed before the justice, states that the plaintiff had recovered a judgment against one *Ballard*, before a justice, for the sum of 64 dollars; that a *capias ad satisfaciendum* was issued on the judgment; that *Forsha* as a constable arrested *Ballard* on the execution, and afterwards suffered him to escape. Plea, *nil debet.* Judgment by the justice for the defendant. Appeal to the Circuit Court, and judgment there in favour of the plaintiff for the sum of 64 dollars.

There is an objection to this action which meets us on the threshold, and which must prove fatal to the plaintiff's recovery. It is an objection to the jurisdiction of the justice, in consequence of the nature of the complaint and the amount of the demand.

The statute of 1831 enacts, that the jurisdiction of a justice, in actions of debt and assumpsit, shall extend to 100 dollars, in all other actions founded on contract to 50 dollars, and in all actions founded on tort to 20 dollars. R. C. 1831, p. 297. And the statute of 1834 extends the jurisdiction in replevin, trespass *vi et armis*, and case, to 50 dollars. Stat. 1834, p. 156 (1).

It appears, by these statutory provisions, that a justice has no jurisdiction of actions founded on *tort*, when the demand exceeds 50 dollars. The suit before us, it is true, is in name

an action of debt, and it is also true, that actions of debt are generally founded upon contract. They are not, however, always so founded; and the present case may be considered as one of the exceptions to the rule. It is certainly not necessary, in order to sustain the suit, that any contract should be shown to have been made by the officer and the plaintiff. It is the misbehaviour of the officer, in suffering the execution-defendant to escape, which is to be proved. The *gravamen* of the action, therefore, is not a breach of contract, but a *tort*, notwithstanding the suit be in form *ex contractu;* and the jurisdiction of the justice, in the case before us, must be determined by the nature of the complaint, and not by the mere name of the action.

The following cases will show, in some degree, the correctness of this opinion. It is decided, in an action of debt against the executor of a sheriff for an escape suffered by the testator, that the action was founded *in maleficio* and could not therefore be sustained. The Court considered that the circumstance that the action was debt, made no difference, but that as it was for a *tort*, the rule *actio personalis moritur cum persona* applied to the case. *Whitacres* v. *Onsley et al.* 3 Dyer's Rep. 322.—1 Chitt. Pl. 6 *Lond.* ed. pp. 102, 103. It is also decided, that the provision in the *English* statute of limitations, which limits the bringing of actions of debt grounded on any lending or contract to six years, does not apply to an action of debt against a sheriff for an escape. One reason given for this decision is, that although the action is in form *ex contractu*, it is in reality an action of *tort*. *Jones* v. *Pope*, 1 Saund. Rep. 34.

According to these cases, the action of debt for an escape, so far as respects the liability of the sheriff's executor, and as respects the clause in the *English* statute of limitations as to actions of debt, is considered and treated as an action founded on *tort*. And so, in analogy to those cases, the action of debt for an escape may be considered, as regards the jurisdiction of justices of the peace, to be governed by the law that regulates actions which arise *ex delicto*.

This action of debt for an escape, therefore, being founded on *tort*, and a justice having no jurisdiction in any action of *tort* for so large an amount as this plaintiff demands, our opinion is that the justice had no jurisdiction of the present suit.

It is obvious, that the jurisdiction of a justice in actions *on*

May Term,
1838.

*the case* for an escape, is limited by the statute to 50 dollars; and we think that the reason of that limitation, whatever it may be, is as applicable to the action of debt for an escape as it is to the action on the case. The legislature has not, in terms, made any distinction in the two cases, as to the justice's jurisdiction, and we do not believe that any such distinction was intended.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Rariden, J. S. Newman, C. H. Test,* and *J. B. Ray,* for the appellant.

*J. Perry,* for the appellee.

(1) The justice's jurisdiction in debt and assumpsit, and in other suits on contract, continues as stated in the text. R. S. 1838, p. 364. It is 50 dollars in trover and replevin. *Ibid.* And the same in trespass. Stat. 1839, p. 35.