IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS JULY 31, 2009

## ROBERT W. HAWLEY v. BILLY JOE MAULDIN, ET AL.

**Direct Appeal from the Chancery Court for Henry County**
**No. 20589    W. Michael Maloan, Chancellor**

_____

**No. W2008-02702-COA-R3-CV - Filed September 10, 2009**
_____

This appeal arises from a judgment entered by the trial court in favor of plaintiff. In his complaint, plaintiff asked the trial court to remove a cloud from the title to his property and to enjoin defendant from making certain fraudulent claims in the future. Defendant asserts that the trial court did not have subject matter jurisdiction over the dispute. On review, we find that the chancery court has the authority to grant the equitable relief requested by plaintiff. The court therefore had subject matter jurisdiction over the dispute. The judgment is affirmed.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Chancery Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Billy Joe Mauldin, Paris, Tennessee, pro se.

W. Brown Hawley, II, Paris, Tennessee, for the Appellee, Robert W. Hawley.

**MEMORANDUM OPINION**[1]

**Background**

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The appellate record in this case is unusually sparse, and our recital of the factual background will be somewhat limited. On July 16, 2007, Robert W. Hawley ("Plaintiff") filed a complaint in Henry County Chancery Court naming Billy Joe Mauldin and Geraldine Mauldin[2] as defendants. Plaintiff asked the trial court to clear title to plaintiff's property, issue an injunction or restraining order against defendants, and grant plaintiff monetary damages and attorney's fees.

In his complaint, Plaintiff alleged that Mr. Mauldin sent several documents to plaintiff throughout 2005. In these documents, Mr. Mauldin asserted that he had a security interest in plaintiff's property and that plaintiff was in default to Mr. Mauldin. The documents–one is entitled "Notice by Written Communication/Security Agreement"–are highly confusing and the claims asserted therein are unclear. On September 8, 2005, Mr. Mauldin filed a UCC Financing Statement in the Henry County Register of Deeds office listing plaintiff as a debtor and Mr. Mauldin as the secured party. In his complaint, plaintiff asserts that he does not know either of the defendants and has not had any personal dealings with them. Consequently, plaintiff contends that defendants acted fraudulently and placed an improper cloud on the title to his property.

Defendants, appearing *pro se*, filed a motion to dismiss for failure to state a claim under Tenn. R. Civ. P. 12.02(6). The motion was set for a hearing on October 4, 2007, but defendants failed to appear. Consequently, the trial court denied the motion. Because defendants had not filed an answer, the trial court also entered a default judgment in favor of plaintiff. The default judgment was later set aside, and defendants filed an answer denying plaintiff's allegations. Throughout the proceedings, defendants maintained that the trial court did not have subject matter jurisdiction to adjudicate the matter.

On September 5, 2008, plaintiff filed a motion for summary judgment asserting that the material facts were undisputed and that he was entitled to a judgment as a matter of law. Plaintiff attached a statement of undisputed material facts which stated that plaintiff and defendants did not have any personal or professional relationship and that the documents filed by Mr. Mauldin were fraudulent and not cognizable under the law. Defendants did not file a response to plaintiff's motion or the statement of undisputed facts.

The trial court heard plaintiff's motion for summary judgment on October 27, 2008. At that hearing, defendant asserted that his actions were permissible under the Uniform Commercial Code. The trial court disagreed and found as follows:

> The procedure that Mr. Mauldin has taken is that he has taken the provisions of the Uniform Commercial Code, which are under Title 47 of our Code and has taken the provisions to unilaterally create a debt and a security agreement and file a security interest against Robert Hawley in this case. The procedure that the Defendants in this case have taken is unknown in law. They have attempted to create a debt, a unilateral debt, by sending notices to Mr. Hawley, which he properly rejected and denied. [Mr.

---

[2]Ms. Mauldin did not join this appeal, and the trial court's judgment against her is final.

Mauldin] also unilaterally filed a security agreement, which Mr. Hawley did not sign, and attempted to secure a non-judicial debt, which has become a lien against Mr. Hawley's property.

The trial court confirmed this ruling in its order granting a judgment in favor of plaintiff. The judgment voided the documents filed by Mr. Mauldin, removed any cloud on plaintiff's property, and enjoined Mr. Mauldin from filing similar claims against plaintiff without first pursuing acceptable legal procedures. Finally, the trial court awarded plaintiff his attorney's fees.

Mr. Mauldin appeals the judgment of the trial court. In his brief, he raises one issue for review: whether the trial court had subject matter jurisdiction to adjudicate plaintiff's claims.[3]

## Law and Analysis

Subject matter jurisdiction concerns the authority of a court to hear a particular controversy. *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996). Generally, "[i]t relates to the nature of the cause of action and the relief sought." *Id*. The subject matter jurisdiction of a court derives from either "the Tennessee Constitution or from legislative acts;" it may not be waived or conferred by the parties. *Benson v. Herbst*, 240 S.W.3d 235, 239 (Tenn. Ct. App. 2007). In order to render a binding final judgment, the trial court must have subject matter jurisdiction. *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994).

Although he cites very little authority, Mr. Mauldin contends that the trial court did not have subject matter jurisdiction over this dispute. His argument, as best we can tell, is that plaintiff did not have the right to seek a judicial remedy because of a contract between the parties. Mr. Mauldin, however, has not presented any agreement or contract between the parties. He apparently argues that plaintiff, by failing to respond to Mr. Mauldin's letters, entered into an agreement and thus waived his right to judicial relief. We disagree.

Plaintiff asked the trial court to remove a cloud on the title to his property and to enjoin defendants from making similar claims in the future. These remedies are inherently equitable. *Indus. Dev. Bd. of Tullahoma v. Hancock*, 901 S.W.2d 382, 384 (Tenn. Ct. App. 1995). Consequently, the chancery court had subject matter jurisdiction over the action between the parties. *Id*.; Tenn. Code Ann. §§ 29-1-101, 29-29-101. The judgment of the trial court is therefore valid, final, and binding.

The judgment of the trial court is affirmed. Costs of appeal are assessed to Appellant Billy Joe Mauldin.

---

[3] At various points in his brief, Mr. Mauldin also asserts that plaintiff lacked standing to bring the lawsuit and that the grant of summary judgment was improper. His assertions, however, are extremely vague and conclusory, and he has not cited any authority (legal or otherwise) to support his position. We have previously held that "[w]here a party makes no legal argument and cites no authority in support of a position, such issue is deemed to be waived and will not be considered on appeal." *Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001) (*citing* Tenn. R. App. P. 27(a)). Consequently, Mr. Mauldin has waived his additional issues, and our review is limited to the question of subject matter jurisdiction.

_____
J. STEVEN STAFFORD, J.