# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
September 27, 2013 Session

## STEVEN A. PUGH, JR. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hamblen County**
**No. 03CR212     John F. Dugger, Jr., Judge**

---

### No. E2013-01689-COA-R3-CV -FILED-SEPTEMBER 27, 2013

---

This appeal is from an order of the trial court denying the appellant's motion to waive all fines and costs related to the *nolle prosequi* of all charges in Hamblen County Criminal Court case number 03CR212. Because it is clear from the record that no court costs or fines were assessed against the appellant as a result of the *nolle prosequi* entered in the proceedings below, there appears to be no judgment of the trial court adverse to the appellant's interests and, therefore, we lack jurisdiction to entertain this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

CHARLES D. SUSANO, JR., P.J., D. MICHAEL SWINEY, AND JOHN W. MCCLARTY, JJ.

Steven A. Pugh, Jr., Mountain City, Tennessee, appellant, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter, and Dianne Stamey Dycus, Assistant Attorney General, Civil Rights and Claims Division, Nashville, Tennessee, for the appellee, State of Tennessee.

### MEMORANDUM OPINION[1]

On November 3, 2003, the appellant was indicted in Hamblen County Criminal Court case number 03CR212 with one count of violating the Motor Vehicle Habitual Offenders Act

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

and one count of running a stop sign. Both offenses were alleged to have occurred on July 29, 2003. On November 13, 2003, these charges were dismissed by the State of Tennessee. By order entered on July 16, 2013, the trial court denied the appellant's motion to waive all fines and costs in Hamblen County Criminal Court case number 03CR212. The order stated that the appellant was incarcerated and that upon his release he had to show a good faith effort to pay fines and costs.[2] However, there is a statement from the trial court clerk in the record transmitted for this appeal indicating that as a result of the dismissal of all charges no court costs or fines were assessed in the case. The appellant timely filed a Notice of Appeal from the July 16, 2013 order.

Upon review of the record for this appeal, this Court declined to transfer the appeal to the Court of Criminal Appeals pursuant to Rule 17 of the Rules of Appellate Procedure because it was clear that an appeal as of right from the challenged order would not lie in the Court of Criminal Appeals. See Tenn. R. App. P. 3(b); see also Boruff v. State, No. E2010-00772-CCA-R3-CO, 2011 WL 846063 (Tenn. Crim. App., Knoxville, Mar. 10, 2011); Hood v. State, No. M2009-00661-CCA-R3-PC, 2010 WL 3244877 (Tenn. Crim. App., Nashville, Aug. 18, 2010). However, it also was clear from the record that no court costs or fines were assessed against the appellant as a result of the *nolle prosequi* entered in the proceedings below and that, as such, it appeared that this Court may not possess subject matter jurisdiction to consider this appeal. See Benson v. Herbst, 240 S.W.3d 235, 239 (Tenn. Ct. App. 2007) (holding that the lack of a judgment "adverse" to the party appealing said judgment deprives the appellate court of jurisdiction to entertain the appeal). By order entered on August 15, 2013, the Court directed the appellant to show cause why this appeal should not be dismissed for lack of jurisdiction.

In his response to the show cause order, the appellant asserts that he is not challenging the denial of his motion to waive all fines and costs in the case number in which all charges were dismissed. Instead, it appears that the appellant wishes to challenge the fines and costs assessed against him in a case arising out of offenses that occurred in 2000. Unfortunately, the motion he filed seeking a waiver of all fines and costs was filed in Hamblen County Criminal Court case number 03CR212, the order denying said motion was entered in that same case number, and the appellant filed his Notice of Appeal in that case number. To the extent the appellant wishes to challenge fines and costs assessed against him in another case, this appeal is not the appropriate vehicle in which to do so.

_____

[2]The appellant presently is serving an effective seventeen-year sentence following his guilty plea in an unrelated case to two counts of attempted first degree murder arising out of the act of him shooting his pregnant girlfriend in the stomach. See Pugh v. State, No. E2012-02649-CCA-R3-PC, 2013 WL 4806964 (Tenn. Crim. App., Knoxville, Sept. 9, 2013).

Accordingly, because we have no jurisdiction to hear an appeal from an order that is not adverse to the appellant, this appeal is dismissed.  Costs on appeal are taxed to the appellant, Steven A. Pugh, Jr., for which execution may issue if necessary.


**PER CURIAM**