IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 09, 2013

SARAH MCKISSACK, BY CONSERVATOR TYOWANNA MCKISSACK
v. DAVIDSON TRANSIT ORGANIZATION AND JOHN DOE

Appeal from the Circuit Court for Davidson County
No. 10C2262    Thomas W. Brothers, Judge

_____

No. M2013-01224-COA-R3-CV - Filed February 11, 2014

_____

Conservator for injured bus passenger challenges the trial court's dismissal of her action after the defendant's filing of a confession of judgment for the full amount of damages requested in the general sessions warrant. In light of the plaintiff's failure to amend the complaint after transferring the case to circuit court to increase the amount of damages sought, we affirm the trial court's decision.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

ANDY D. BENNETT, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, M.S., P.J., and RICHARD H. DINKINS, J., joined.

Terry R. Clayton, Nashville, Tennessee, for the appellant, Sarah McKissack.

Janet Strevel Hayes, Knoxville, Tennessee, for the appellee, Davidson Transit Organization.

OPINION

FACTUAL AND PROCEDURAL BACKGROUND

Sarah McKissack ("Ms. McKissack") filed a civil warrant in general sessions court on May 6, 2010 against Davidson Transit Organization ("DTO") and John Doe alleging that she was a passenger in a DTO bus on May 1, 2009 and was injured when a DTO employee lowered the wheelchair lift upon which she was seated in her wheelchair. The warrant stated that Ms. McKissack sought damages under $25,000. On June 2, 2010, the general sessions court granted Ms. McKissack's motion to transfer the case to the circuit court.

On February 10, 2012, Ms. McKissack filed a motion to amend her complaint to change the name of defendant John Doe to Paul Milliken and to substitute an amended complaint for the original complaint. DTO opposed the motion, and the court denied the plaintiff's motion to amend the complaint in an order entered on March 19, 2012. The court determined that Ms. McKissack should not be allowed to add a new defendant, Paul Milliken, in place of John Doe because the addition of Mr. Milliken as a party would be futile.[1]

The parties thereafter participated in numerous case management conferences. A psychological evaluation of Ms. McKissack resulted in a determination that she was incompetent. The special master recommended that a conservator be appointed to represent Ms. McKissack by November 7, 2012. This deadline was extended until December 10, 2012. On February 19, 2013, the court granted the plaintiff's motion to substitute the conservator, Tyowanna McKissack, as the plaintiff.

On March 5, 2013, DTO filed a confession of judgment in the amount of $24,999.99, the total amount sued for in the civil warrant that was subsequently transferred to circuit court, and deposited that amount with the clerk of court. The same day, the court ordered that the plaintiff's cause of action against DTO and John Doe be dismissed with prejudice. The plaintiff filed a motion to set aside, alter or amend the confession of judgment, but the trial court denied the plaintiff's motion. This appeal followed.

ANALYSIS

The plaintiff raises two issues on appeal: (1) whether the trial court erred in failing to allow her to amend her complaint; and (2) whether the trial court erred in allowing the defendant to enter confession of judgment.[2]

---

[1]DTO argued that amendment would be futile because the statute of limitations had run as to a cause of action against Mr. Milliken and that the plaintiff had not demonstrated that the proposed amendment would relate back to the original complaint.

[2]DTO asserts that this court lacks jurisdiction on the ground that the plaintiff did not suffer an adverse judgment. In support of this theory, DTO relies upon *Benson v. Herbst*, 240 S.W.3d 235, 239-40 (Tenn. Ct. App. 2006), a case involving the jurisdiction of the circuit court to hear a de novo appeal from general sessions court. The court held that the circuit court lacked jurisdiction because the general sessions court had awarded the plaintiff all the relief he requested and, therefore, the judgment was not adverse to the plaintiff, as required by the applicable statutory provisions. *Id.* at 236. In the present case, however, the plaintiff transferred her case to circuit court prior to any decision in the general sessions court. DTO cites no authority making the principles relied upon in *Benson* applicable to an appeal from circuit court to the court of appeals.

2

When a party appeals a case from general sessions court to circuit court, his or her recovery is not limited by the general sessions court's jurisdictional limit; the party may amend the complaint as permitted by Tenn. R. Civ. P. 15. *Ware v. Meharry Med. Coll.*, 898 S.W.2d 181, 186 (Tenn. 1995). If, however, the plaintiff fails to amend the complaint to increase the amount of damages sought, the amount of damages in the circuit court is limited to the amount sought before the general sessions court. *Brown v. Roland*, 357 S.W.3d 614, 615 (Tenn. 2012). It is logical to conclude that these same principles apply to cases transferred from general sessions court to the circuit court.

In the present case, the plaintiff filed a motion to amend to add another party; the proposed complaint submitted with this motion would have increased the amount of damages sought. The trial court dismissed the plaintiff's motion to amend based upon the futility of the amendment. On appeal, the plaintiff argues that the trial court should have corrected its order denying the motion to amend "when it became apparent that the Defendant was surreptitiously denying the Plaintiff her day in court, by the entry of the Confession of Judgment . . . ."[3]

The trial court's decision to deny a motion to amend a complaint is reviewed under an abuse of discretion standard. *Merriman v. Smith*, 599 S.W.2d 548, 559 (Tenn. Ct. App. 1979). A trial court abuses its discretion only when it "appl[ies] an incorrect legal standard, or reach[es] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court. *Id.* A trial court's discretion regarding a motion to amend the complaint must comport with Tenn. R. Civ. P. 15.01, which states that leave of the court to amend a pleading "shall be freely given when justice so requires." *Merriman*, 599 S.W.2d at 559. Some of the factors to be considered by the court in determining whether to grant a motion to amend include: "[u]ndue delay in filing; lack of notice to the opposing party; bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Id.* at 559 (citing *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479 (6th Cir. 1973)).

---

[3]DTO makes the argument that this court should not consider the plaintiff's arguments regarding the trial court's denial of her motion to amend because this order was not identified in the notice of appeal. While we are aware of the various cases interpreting Tenn. R. App. P. 3(f), we decline to put narrow limits on the scope of appeal in this case. *See Consol. Waste Sys., LLC v. Metro Gov't of Nashville & Davidson Cnty.*, No. M2002-02582-COA-R3-CV, 2005 WL 1541860, at *42 (Tenn. Ct. App. June 30, 2005); Tenn. R. App. P. 3(f), 13(a); Tenn. R. App. P. 3(f) cmt.; Tenn. R. App. P. 13(a) cmt.

In her brief, the plaintiff has not identified any error in the trial court's denial of her motion to amend to add a party. Rather, she seems to assert that the court should have amended the ad damnum by virtue of its "continuing jurisdiction" over the order denying her motion to amend. We cannot agree. After the trial court denied her motion to amend the complaint to add a party, the plaintiff could have filed another motion to amend solely to increase the amount of damages sought. The plaintiff never brought this issue before the court. Instead, at the time when DTO filed its confession of judgment, the amount sought in the plaintiff's general sessions warrant had not been changed.

Because the plaintiff did not have the amount of damages sought in the complaint increased, the trial court did not err in dismissing the action in light of DTO's confession of judgment.

CONCLUSION

We affirm the judgment of the trial court in all respects. Costs of appeal are assessed against the appellant, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE