# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
August 4, 2014 Session

## TIMOTHY W. HUDSON v. DELILAH M. GRUNLOH, et al.

**Appeal from the Chancery Court for Washington County**
**No. 42065     John C. Rambo, Chancellor**

---

**No. E2014-00585-COA-R3-CV-FILED-AUGUST 4, 2014**

---

This appeal is from a Final Default Judgment entered against the Defendant, Northridge Package Store, LLC ("Northridge"). In the order granting judgment against Northridge, the trial court also accepted the voluntary dismissal without prejudice of all claims filed by the Plaintiff, Timothy W. Hudson ("Hudson"), against the Defendant, Delilah M. Grunloh ("Grunloh"). Because only Grunloh has appealed from the judgment and the judgment is not adverse to her, we grant Hudson's motion to dismiss this case for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J., CHARLES D. SUSANO, JR., C.J., AND THOMAS R. FRIERSON, II, J.

Delilah M. Grunloh, Johnson City, Tennessee, appellant, *pro se.*

Timothy W. Hudson, Bristol, Tennessee, appellee, *pro se.*

## MEMORANDUM OPINION[1]

Grunloh, on behalf of herself and Northridge, filed the Notice of Appeal in this case seeking review of the Final Default Judgment entered against Northridge. However, Grunloh is not an attorney licensed to practice law in the State of Tennessee and, therefore, cannot

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

appear or file pleadings on behalf of Northridge. See Tenn. Sup. Ct. R. 7, § 1.01 (prohibiting the unauthorized practice of law); Old Hickory Eng'g & Mach. Co., Inc., 937 S.W.2d 782, 785-86 (Tenn. 1996) (holding that nonlawyer corporate officer could not sign pleading on behalf of purportedly *pro se* corporate party); see also Tenn. Code Ann. § 23-3-103 (criminalizing the unauthorized practice of law). Consequently, it appeared to this Court that the Notice of Appeal was insufficient to initiate an appeal on behalf of Northridge. See Tenn. R. Civ. P. 11.01 ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party."). The Court directed Grunloh to show cause why Northridge should not be dismissed as an appellant to this appeal. Grunloh responded to the show cause order by arguing that the decision in Old Hickory is in conflict with the decision in Edmunds v. Delta Partners, LLC, 403 S.W.3d 812, 827-28 (Tenn. Ct. App. 2012), wherein the doctrine of piercing the corporate veil was discussed. The Court concluded that Grunloh's argument was not well-taken and dismissed Northridge as an appellant to this appeal.

Hudson then moved to dismiss this appeal on grounds that the action as to Grunloh was voluntarily dismissed in the trial court. In her response to the motion, Grunloh primarily argues why the default judgment should not have been entered against Northridge. With regard to the judgment as it pertains to her interests, she asserts that the voluntary dismissal was without prejudice and that all costs of the action were taxed entirely against her individually. However, a review of the judgment reveals that all costs, in fact, were taxed entirely against Northridge and not Grunloh. The fact that the dismissal of the action against Grunloh was without prejudice, leaving open the possibility of a refiling of Hudson's claim against her, does not mean that the judgment on review is in any way adverse to Grunloh. See, e.g., Martin v. Washmaster Auto Center, Inc., No. 01-A-01-9305-CV00224, 1993 WL 241315, * 2 (Tenn. Ct. App., Nashville, July 2, 1993) (noting that, following a voluntary dismissal without prejudice, "[n]o present controversy exists" and "[t]he lawsuit is concluded," only to be "resurrected if and when the plaintiff recommences the action" which is "a contingent event that may not occur"). As such, there appears to be no justiciable issue for this Court to review as the judgment on appeal is not adverse to Grunloh, the only remaining appellant in this proceeding. See Benson v. Herbst, 240 S.W.3d 235, 239 (Tenn. Ct. App. 2007) (holding that the lack of a judgment "adverse" to the party appealing said judgment deprives the appellate court of jurisdiction to entertain the appeal).

Accordingly, Hudson's motion to dismiss is granted, and this appeal is dismissed. All other pending motions are denied as moot. Costs on appeal are taxed to Delilah M. Grunloh, for which execution may issue if necessary.

**PER CURIAM**