# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
January 9, 2015 Session

## SITEWORX, LLC v. J & M, INC., et al.

### Appeal from the Chancery Court for Roane County
### No. 16060    Frank V. Williams, III, Chancellor

---

### No. E2014-00296-COA-R3-CV-FILED-JANUARY 9, 2015

---

This appeal is from an order certified to be a final judgment pursuant to Rule 54.02 of the Rules of Civil Procedure. The order dismissed all of the claims made by the Plaintiff, SITEWORX, LLC ("SITEWORX"), against the Defendants, J & M Incorporated, Henson Construction Services, Inc., Clay Williams & Associates, Inc., Roane County, Tennessee, and Western Surety Company ("Defendants"). The order left unresolved the claims between Third-Party Plaintiff, J & M Incorporated, and Third-Party Defendant, Brian Mullins ("Mullins"). Because only Mullins appealed from the judgment and the judgment is not adverse to him, this appeal is dismissed for lack of jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

CHARLES D. SUSANO, JR., C.J., D. MICHAEL SWINEY, AND JOHN W. MCCLARTY, JJ.

Joshua J. Bond, Knoxville, Tennessee, for the appellant, Brian Mullins.

R. Loy Waldrop, Knoxville, Tennessee, for the appellee, Clay Williams & Associates, Inc.

Stephen E. Yeager, Knoxville, Tennessee, for the appellee, Henson Construction Services, Inc.

Goran Musinovic, Knoxville, Tennessee, for the appellee, J & M, Inc.

Gregory H. Leffew, Rockwood, Tennessee, for the appellee, Roane County, Tennessee.

Scott C. Williams, Nashville, Tennessee, for the appellee, Western Surety Company.

**MEMORANDUM OPINION**[1]

Brian Mullins, proceeding *pro se* on behalf of himself and SITEWORX, filed the Notice of Appeal in this case seeking review of the final judgment entered pursuant to Rule 54.02 of the Rules of Civil Procedure. However, Mullins is not an attorney licensed to practice law in the State of Tennessee and, therefore, cannot appear or file pleadings on behalf of the corporate party SITEWORX. *See* Tenn. Sup. Ct. R. 7, § 1.01 (prohibiting the unauthorized practice of law); *Old Hickory Eng'g & Mach. Co., Inc.*, 937 S.W.2d 782, 785-86 (Tenn. 1996) (holding that nonlawyer corporate officer could not sign pleading on behalf of purportedly *pro se* corporate party); *see also* Tenn. Code Ann. § 23-3-103 (criminalizing the unauthorized practice of law). As a result, this Court determined that the Notice of Appeal was insufficient to initiate an appeal on behalf of SITEWORX, *see* Tenn. R. Civ. P. 11.01 ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party."), and the appeal, to the extent it purported to have been filed by SITEWORX, was dismissed by order entered on April 4, 2014. On the same day this Court dismissed SITEWORX as an appellant, newly retained counsel filed an Amended Notice of Appeal on behalf of Mullins and SITEWORX. This Amended Notice of Appeal was not filed within thirty (30) days of the date of entry of the Rule 54.02 judgment. *See* Tenn. R. App. P. 4(a). As such, it was insufficient to invoke this Court's jurisdiction to review the Rule 54.02 judgment on behalf of SITEWORX. *See Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004) ("The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases.").

Defendants then filed a motion to dismiss arguing that Mullins had no standing to pursue this appeal from the judgment which resolved only the claims made by SITEWORX in the proceedings below. In response to the motion, this Court directed Mullins to show cause why this appeal should not be dismissed for lack of jurisdiction. Mullins has not responded to the show cause order.

There appears to be no justiciable issue for this Court to review as the judgment on appeal is not adverse to Mullins, the only remaining appellant in this proceeding. See Benson v. Herbst, 240 S.W.3d 235, 239 (Tenn. Ct. App. 2007) (holding that the lack of a

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

judgment "adverse" to the party appealing said judgment deprives the appellate court of jurisdiction to entertain the appeal).  Accordingly, this appeal is dismissed.  Costs on appeal are taxed to Brian Mullins, for which execution may issue if necessary.


**PER CURIAM**