IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 17, 2018 Session

## TINA Y. VAUGHN v. R.S. LEWIS & SONS FUNERAL HOME

Appeal from the Circuit Court for Shelby County
No. CT-004293-15    Rhynette N. Hurd, Judge

_____

### No. W2017-01097-COA-R3-CV

_____

In the general sessions court, the plaintiff filed a civil warrant against the defendant funeral home for "compensation." The warrant alleged that the funeral home violated the plaintiff's right to dispose of her mother's remains and claimed "libel & defamation of character." The general sessions court dismissed the suit. After the plaintiff appealed, the circuit court dismissed the claim concerning the disposition of human remains for lack of subject matter jurisdiction. The court dismissed the claim of libel and defamation for failure to state the claim with particularity. We vacate the court's judgment and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

Tina Y. Vaughn, Memphis, Tennessee, pro se appellant.

Van D. Turner, Jr., Memphis, Tennessee, for the appellee, R.S. Lewis & Sons Funeral Home.

**I.**

In the General Sessions Court for Shelby County, Tennessee, Tina Y. Vaughn, acting pro se, filed a civil warrant against R.S. Lewis & Sons Funeral Home. Ms. Vaughn claimed "violation of West's T.C.A. 62-5-701; also: conspiracy/accessory to insurance fraud; fraudulent conversion; theft-larceny, /39-12-103; 39-14-101 false pretenses 'and' all related charges. Also, <u>compensation</u>." The general sessions court "dismissed [the case] for improper jurisdiction."

Undeterred, Ms. Vaughn filed a second civil warrant on the same day of the dismissal of her first case. This time, Ms. Vaughn sought "compensation for violation of {part 7 T.C.A 62-5-701 thru 62-5-708} also, § 8:201 libel & defamation of character." R.S. Lewis & Sons filed a motion to dismiss based on lack of subject matter jurisdiction and res judicata, which the court granted.

Ms. Vaughn appealed the second dismissal to the circuit court. On the date set for trial, the court, in lieu of taking any evidence, dismissed Ms. Vaughn's appeal "based upon the statements of counsel, the pleadings which were filed with the Court, and the entire record." In its order of dismissal, the circuit court concluded as follows:

> 1. The Court does not have the subject matter jurisdiction to hear this matter pursuant to Tennessee Rule of Civil Procedure 12.08[2] for Plaintiff's claims related to Tennessee Code Annotated Section 62-5-705 regarding the disposition of human remains, and Plaintiff has failed to articulate her

---

[1] The rules of our Court provide as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10.

[2] Tennessee Rule of Civil Procedure 12.08 addresses waiver of defenses and objections. We assume the court intended to reference Tennessee Rule of Civil Procedure 12.02(1), which provides that the defense of "lack of jurisdiction over the subject matter" may be made by motion as well as in a responsive pleading. Tenn. R. Civ. P. 12.02(1); *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012) ("A motion to dismiss for lack of subject matter jurisdiction falls within the purview of Tenn. R. Civ. P. 12.02(1).").

claims based on libel and defamation pursuant to Tennessee Rule of Civil Procedure 9.02.

      2. Plaintiff's appeal is **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** against Defendant and remanded back to Shelby County General Sessions Court.

Ms. Vaughn once again appealed.

## II.

### A.

Subject matter jurisdiction refers to "a court's power to adjudicate a particular type of case or controversy." *Benson v. Herbst*, 240 S.W.3d 235, 238-39 (Tenn. Ct. App. 2007) (citing *Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004); *Toms v. Toms*, 98 S.W.3d 140, 143 (Tenn. 2003); *First Am. Trust Co. v. Franklin-Murray Dev. Co.*, 59 S.W.3d 135, 140 (Tenn. Ct. App. 2001)). A court derives subject matter jurisdiction— "either explicitly or by necessary implication"— from our Constitution or legislative acts. *Id.* at 239. Subject matter jurisdiction may not be conferred "on a trial or an appellate court by appearance, plea, consent, silence, or waiver." *Id.* If subject matter jurisdiction is lacking, the court must dismiss the case. *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999).

In considering whether subject matter jurisdiction exists, we must first determine the nature of the cause of action and relief sought. *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn.1994); *Benson*, 240 S.W.3d at 239. We then determine whether the Tennessee Constitution or our Legislature has granted the court power to adjudicate that kind of case. *In re S.L.M.*, 207 S.W.3d 288, 295 (Tenn. Ct. App. 2006). These determinations are questions of law subject to de novo review, with no presumption of correctness. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000).

Here, the circuit court apparently accepted R.S. Lewis & Sons's argument that Ms. Vaughn sought a determination of who had the right to make decisions regarding the remains of Ms. Vaughn's mother. R.S. Lewis & Sons characterized Ms. Vaughn's case as "essentially contesting the burial or disposition of the remains of her mother in contradiction to the majority vote of her brothers, sisters and interested loved ones."[3]

---

[3] At oral argument, Ms. Vaughn disputed this assertion. According to Ms. Vaughn, her only sister died in 1994, and her brother was "not verbal" following a stroke. She further claimed that her mother died without a surviving spouse.

Our Legislature has anticipated the possibility of a dispute between or among two or more persons with "the right to control the disposition of [a] decedent's remains, the location, manner and conditions of disposition, and arrangements for funeral goods and services." Tenn. Code Ann. §§ 62-5-703, -705 (Supp. 2017).[4] Under Tennessee Code Annotated § 62-5-705, if such persons "cannot, by majority vote, make a decision regarding the disposition of the decedent's remains," any interested party "may file a petition asking the court with probate jurisdiction to make a determination in the matter." *Id*. § 62-5-705. The probate court then determines which person would "be the most fit and appropriate to carry out the right of disposition, and may make decisions regarding the decedent's remains *if those sharing the right of disposition cannot agree*." *Id.* (emphasis added).

Based on the record before us, we cannot conclude that Ms. Vaughn is seeking to determine who had the right to make decisions regarding the remains of her mother. Ms. Vaughn's civil warrant sought, in relevant part, "compensation for violation of {part 7 T.C.A 62-5-701 thru 62-5-708}." Rather than a dispute over disposition of remains, the language in the civil warrant can be read to assert a claim against R.S. Lewis & Sons for

---

[4] Generally, "in the absence of disposition directions or a pre-need funeral contract," decisions regarding a decedent's remains are vested in the following order of priority:

(1) An attorney in fact designated in a durable power of attorney for health care . . . ;
(2) The surviving spouse;
(3) The sole surviving child of the decedent, or if there is more than one (1) child of the decedent, the majority of the surviving children. . . . ;
(4) The surviving parent of the decedent. If one (1) of the surviving parents is absent, the remaining parent shall be vested with the rights and duties of this section after reasonable efforts have been unsuccessful in locating the absent surviving parent;
(5) The surviving sibling of the decedent, or if there is more than one (1) sibling of the decedent, the majority of the surviving siblings. . . . ;
(6) The surviving grandchild of the decedent, or if there is more than one (1) surviving grandchild, the majority of the grandchildren. . . . ;
(7) The surviving grandparent of the decedent, or if there is more than (1) surviving grandparent, the majority of the grandparents. . . . ;
(8) The guardian of the person of the decedent at the time of the decedent's death, if one (1) had been appointed;
(9) The personal representative of the estate of the decedent;
(10) The person in the classes of the next degree of kinship, in descending order, under the laws of descent and distribution to inherit the estate of the decedent. . . . ;
(11) If the disposition of the remains of the decedent is the responsibility of the state or a political subdivision of the state, the public officer, administrator or employee responsible for arranging the final disposition of the decedent's remains; or
(12) In the absence of any person listed [above], any other person willing to assume the responsibilities to act and arrange the final disposition of the decedent's remains, including the funeral director with custody of the body, . . . .

Tenn. Code Ann. § 62-5-703.

4

ignoring Ms. Vaughn's right to control disposition of her mother's remains. *See id*. § 62-5-708 (Supp. 2017) (relieving a funeral establishment "who relies reasonably in good faith upon the instructions of a person claiming the right of disposition" from civil liability "unless the funeral establishment . . . knew or had reason to know that the person did not have the right of disposition"). Subject matter jurisdiction over such a claim is not limited by statute to probate court.

Given the record, we conclude that the circuit court erred in dismissing Ms. Vaughn's claim under the statutes concerning disposition of human remains for lack of subject matter jurisdiction. We are not convinced that the provisions of Tennessee Code Annotated § 62-5-705, which relegate disputes over the right to control the disposition of humans remains to probate court, are applicable.

B.

We also conclude that the circuit court erred in dismissing Ms. Vaughn's libel/defamation claim. The court dismissed the libel/defamation claim because Ms. Vaughn "failed to articulate her claims . . . pursuant to Tennessee Rule of Civil Procedure 9.02." Rule 9.02 provides that "[i]n all averments of *fraud or mistake,* the circumstances constituting fraud or mistake shall be stated with particularity." Tenn. R. Civ. P. 9.02 (emphasis added). Ms. Vaughn did not allege fraud or mistake on the part of R.S. Lewis & Sons, so the particularity requirement found in Rule 9.02 is not applicable.

**III.**

Based on the foregoing, we vacate the judgment dismissing the case. We remand the case to the circuit court for further proceedings consistent with this opinion.

_____
W. NEAL MCBRAYER, JUDGE